33101. SHUMAN *v.* THE STATE.

DECIDED JULY 14, 1950. REHEARING DENIED JULY 28, 1950.

*William J. Neville, W. G. Neville,* for plaintiff in error.
*Walton Usher, Solicitor-General,* contra.

GARDNER, J. ▮ The defendant was indicted in three counts,

one charging possession of intoxicating liquor in a dry county; the second charging possession of such liquor, unstamped; and the third charging him with transporting such liquor. It appears from the indictment that after count one and after count two, it is not specifically alleged that the offense was "contrary to the laws of said State, the good order, peace and dignity thereof," although at the conclusion of count three said words do appear. It is insisted that each count of the indictment must be complete within itself, and that where the first two counts do not contain the above phrase, the indictment is not sufficient and should be stricken. Code § 27-701 provides the form in which indictments shall be drawn and provides that the same shall be deemed sufficiently technical and correct where they state the offense in the terms and language of the Code or so plainly that the nature of the offense charged may easily be understood by the jury. This section then sets out the form of every indictment, same ending with the contra pacem clause, which the defendant complains is left out of this indictment as to the first and second counts. While it is true that every count of an indictment must be complete within itself and plainly, fully and distinctly set out the offense charged, the offense is fully stated herein. The defect complained of is one of technical formality only, and, in our opinion, it is not such as to vitiate the proceedings, and the court properly overruled the special demurrers directed thereto. Such indictment was not, for the reason that the contra pacem clause only appeared at the end thereof after count three, fatally defective. The rule of law that each count must be "complete within itself and must contain every essential allegation to constitute a crime" (Perry v. State, 62 Ga. App. 115, 8 S. E. 2d, 425), applies to the offense rather than to the form. We think that the indictment was in substantial compliance with the statute. The trial judge did not err in overruling the demurrers thereto. See Lee v. State, 81 Ga. App. 829 (8 S. E. 2d, 425).

■ The evidence authorized the jury to find that the defendant was guilty of possessing more than one quart of intoxicating liquor in a dry county and of possessing unstamped alcoholic liquor therein. The jury did not find the defendant guilty of transporting such liquor. There is no merit in the general

grounds of the motion for new trial, and the trial judge properly overruled the same.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*