## 48412. MARSHALL v. THE STATE.

EBERHARDT, Presiding Judge. Defendant was tried and convicted of involuntary manslaughter, carrying a pistol without a license, and carrying a concealed pistol. This appeal followed. *Held:*

1. The general grounds of the motion for new trial are without merit with respect to the involuntary manslaughter charge. As to the concealed weapon charge, the carrying of a pistol in a pocket of defendant's pants, the handle of the pistol being visible to some witnesses through a split in defendant's shirt but not seen by others, does not meet the requirement of Criminal Code, § 26-2901 that the weapon be carried "in an open manner and fully exposed to view." As to the charge of carrying a pistol without a license, the fact that the state did not offer any evidence to show that the defendant did not have a license to carry it does not require a new trial, as the defendant had the privilege of showing in defense that he had the requisite license. *Ezzard v. State,* 229 Ga. 465 (3) (192 SE2d 374); *Johnson v. State,* 230 Ga. 196 (196 SE2d 385). The general grounds are without merit.

2. Defendant, indicted for murder, requested the court to charge on involuntary manslaughter. The court accordingly charged as follows: "Now, a person commits involuntary manslaughter in

the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony. By way of explanation, to point a pistol at another would be an unlawful act. You would have to find that he committed an unlawful act before you could find involuntary manslaughter." The charge is not subject to the criticism now made that the court expressed or intimated an opinion as to what had or had not been proved. See *Bell v. State,* 71 Ga. App. 430, 436 (31 SE2d 109), where a similar charge was approved.

3. The court charged the jury: "A reasonable doubt means exactly what it says, not a capricious or arbitrary doubt, nor a doubt which does not arise from a consideration of the evidence, but a doubt growing out of the evidence, or from a lack of the evidence, or from a conflict of the evidence. A reasonable doubt is a doubt that arises in the mind of a reasonable person. The State is not required to convince you beyond every possible doubt or every imaginary doubt or every fanciful doubt. The State is not required to convince you to a mathematical certainty such as two and two makes four." The charge is not subject to the criticism that the definition of reasonable doubt is argumentative, confusing and misleading. See, e. g., *Bonner v. State,* 152 Ga. 214, 215 (109 SE 291); *Lumpkin v. State,* 152 Ga. 229 (2) (109 SE 664); *Merritt v. State,* 152 Ga. 405 (1) (110 SE 160); *Connell v. State,* 153 Ga. 151 (2) (111 SE 545); *Bruster v. State,* 228 Ga. 651 (2) (187 SE2d 297); *Kryder v. State,* 57 Ga. App. 200, 201 (194 SE 890); *Deering v. State,* 123 Ga. App. 223 (3) (180 SE2d 245). The charge here does not share the infirmity dealt with in *Hunsinger v. State,* 225 Ga. 426, 429 (10) (169 SE2d 286) and *Chauncey v. State,* 129 Ga. App. 207 (199 SE2d 391).

4. Defendant contends in the brief that indictment or conviction on the pistol offenses constitutes double jeopardy since the same pistol was used in the homicide for which he was indicted and convicted.

This issue was neither raised nor passed upon in the trial court, nor is it enumerated as error on this appeal. Consequently, argument in the brief raises nothing for decision by this court. *Abrams v. State,* 223 Ga. 216, 224 (154 SE2d 443); *Hess Oil &c. Corp. v. Nash,* 226 Ga. 706, 709 (177 SE2d 70); *Sandmann v. Smith,* 229 Ga. 335, 336 (190 SE2d 904); *Moye v. State,* 127 Ga. App. 338, 341 (193 SE2d 562). "Matters not enumerated as error will not be considered on appeal." *Rider v. State,* 226 Ga. 14 (2) (172 SE2d 318).

Moreover, "The plea of former jeopardy is a personal privilege and may be waived [Citations], and going to trial without filing any plea of former jeopardy or invoking any action on such a plea amounts to a waiver of such privilege. [Citations]." *Key v. State,* 84 Ga. App. 599, 600 (1) (66 SE2d 773). The issue was raised in no way or manner in the trial court.

*Judgment affirmed. Pannell and Stolz, JJ., concur.*

ARGUED SEPTEMBER 4, 1973 — DECIDED SEPTEMBER 26, 1973.

*Jess H. Watson,* for appellant.

*Lewis R. Slaton, District Attorney,* for appellee.