## 49411. MAYO v. THE STATE.

STOLZ, Judge.

The defendant appeals from his convictions of aggravated assault and misdemeanor pistol violations, consisting of "carrying a concealed weapon" and "carrying a pistol without a license."

On July 17, 1973, the defendant walked into the Casa Rio Lounge on Ponce de Leon Avenue in Atlanta, Georgia, and shot his wife, who was an employee of the lounge at the time. There was evidence at the trial that the couple had been having marital trouble in the past, that the defendant had been drinking prior to entering the lounge, and that the defendant appeared "wild" and "out of it" at the time of the shooting. The defendant admitted he took the pistol from the dash of his

automobile and brought it into the establishment.

1. The defendant's contention, that the misdemeanor pistol violation conviction is erroneous because there was evidence that he, as well as his wife, was an employee of the lounge, is without merit. The defendant relies on the authority expressed in *Franklin v. State,* 12 Ga. App. 483 (77 SE 653), that "it is not unlawful for a servant to carry a pistol without a license on the premises where he worked." Here, the evidence clearly shows that the defendant carried the unlicensed, concealed pistol from his automobile into the lounge and from the lounge to the point where he was subsequently arrested. "A person commits a misdemeanor when he has or carries on or about his person outside of his home, automobile or place of business any pistol or revolver, whether concealed or not, for which he has not obtained a license from the ordinary of the county in which he resides." Code Ann. § 26-2903 (Ga. L. 1968, pp. 1249, 1323). "A person commits a misdemeanor when he knowingly has or carries about his person, outside of his own home, unless in an open manner and fully exposed to view, any . . . firearm . . . designed for the purpose of offense and defense, or any other dangerous or deadly weapon or instrument of like character." Code Ann. § 26-2901 (Ga. L. 1968, pp. 1249, 1323). Thus, arguendo, even if the uncontroverted evidence showed that the defendant used the firearm in his "place of business," other competent evidence was present which would sustain the conviction under the two aforesaid code sections.

2. The defendant's enumeration of error, that the trial judge erred in allowing the prosecutor to question the defendant for his confession, thus making known to the jury the contents thereof without first holding a Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205) hearing to determine whether or not the defendant's confession was voluntarily made, is without merit. An examination of the transcript (pp. 71-75) shows that neither before the interrogation, during the interrogation or after the interrogation did defense counsel make any objection thereto. It is well settled that this court cannot and will not review matters that were

not raised in the trial court and that are presented for the first time in this court. *Mallory v. State,* 230 Ga. 657 (2) (198 SE2d 677) and cit.

3. The evidence supports the verdict. The trial judge did not err in denying the defendant's motion for new trial.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

Argued May 29, 1974 — Decided June 24, 1974.

*Daniel S. Zevin, Paul J. Sewell,* for appellant.

*Lewis R. Slaton, District Attorney, Isaac Jenrette, Joseph J. Drolet, Morris H. Rosenberg,* for appellee.