## 29590. FREEMAN v. THE STATE.

INGRAM, Justice.

Defendant appeals the overruling of his motion for new trial following his conviction in Fulton Superior Court for the offenses of armed robbery, carrying a concealed weapon and carrying a pistol without a license. A jury trial was waived and the defendant proceeded to

trial on all three offenses before a superior court judge. The defendant was found guilty and sentenced to serve 15 years imprisonment for the robbery and 12 months for each misdemeanor, both concurrent with the robbery sentence. The sole issue on appeal is whether the evidence was sufficient to authorize a conviction of the defendant for each of these offenses.

Only two witnesses testified in the trial on behalf of the state and the defendant offered no evidence. The first witness for the state was the victim of the alleged robbery who swore that on the evening of September 1, 1973, as he was leaving a local night club on Hunter Street in Fulton County, he was approached by three men who relieved him at gunpoint of his wallet containing $97; that he had consumed one drink earlier at the night club and that the incident happened suddenly as he was coming out of the club and getting ready to catch a cab; that all three men had a gun and they took his wallet, walked him to the end of a little alley and told him to go down there and not look back. The victim testified that the robbery occurred "about 9:00 or 9:30, something like that." The victim could not identify the defendant at the trial as one of the three men who robbed him.

Detective R. L. Williams, the other witness for the state, testified that he and his partner were on plain clothes duty that evening and that he actually observed this victim being robbed; that he was about 10 feet away when he first saw the three men approach the victim and was about three feet away when he observed two of the men holding the victim up against the wall and one of them had a gun pointed at the victim's head while the defendant on trial "had the victim by the collar holding his neck upward." The defendant "had an object in his hand," but the detective's view of the object in the defendant's hand was blocked by the shoulders of one of the other men. However, he did see the men, including the defendant on trial, take the victim's wallet when he was about five feet away from them. Detective Williams returned to his car and radioed for assistance and then subsequently arrested all three men, including the defendant. Detective Williams also testified that the victim had been drinking heavily and that the robbery

actually occurred around 11:30. He did not find a weapon on the defendant, but did find a pistol that was thrown away by one of the other men who was with the defendant.

Defendant argues that the variance in the time of the robbery shown by the testimony of the victim and the detective "suggests that there [were] in fact two separate robberies," and that "the evidence clearly raises the issue of mistaken identity." Defendant also contends that the testimony of the two state witnesses is irreconcilable and presents two theories, one of innocence, the other of guilt, which required a finding of not guilty.

As we view the evidence, there is no conflict in the direct testimony of the detective positively identifying the defendant as one of the three men who committed the armed robbery and also identifying this victim as the subject of the crime. The officer testified that he personally observed the entire incident.

It is not unusual to find some variance in the testimony of witnesses relating to the specific time a crime is committed. This is particularly true of crimes of this character and is readily understandable where the armed robbery occurs at night to a victim who has been drinking. The evidence was more than ample to authorize the trial court, sitting without the intervention of a jury, to find the defendant guilty of armed robbery and to impose the sentence pronounced for that offense. See Code Ann. § 26-1902. However, the evidence was not sufficient to authorize a conviction of the defendant for carrying a concealed weapon (Code Ann. § 26-2901), or for carrying a pistol without a license (Code Ann. § 26-2903), and a new trial must be granted to the defendant on these offenses.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

SUBMITTED JANUARY 17, 1975 — DECIDED FEBRUARY 11, 1975.

*B. L. Spruell,* for appellant.
*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.