## 51049. CARTER v. THE STATE.

Clark, Judge.
Defendant was charged by information with four gun-related misdemeanor offenses. She was acquitted at her jury trial of three of the charges, namely pointing a pistol at another, discharging a pistol near a public street,

and carrying a concealed weapon. Defendant was convicted of the remaining charge of carrying a pistol without a license and now appeals from the court's judgment entered upon the jury's verdict. *Held:*

1. Defendant enumerates as error the court's refusal to grant a mistrial on the ground that the prosecution had improperly brought defendant's character into issue. In response to the solicitor's question as to his relationship to the defendant, the state's first witness answered that he "was living over there." Defense counsel promptly moved for a mistrial, arguing that the answer implied non-marital cohabitation.

"Motions for mistrial are largely in the discretion of the trial judge, especially where the cause of the motion lies in the voluntary remark of a witness not invited by the court or counsel, and, where . . . the remark is not so flagrantly prejudicial as to violate the fair trial rights of the defendant, the court's discretion will not be overturned. [Cits.]" *Holcomb v. State,* 130 Ga., App. 154,155 (202 SE2d 529).

We are unconvinced that the witness' statement constituted an impermissible comment on the defendant's character. Compare *Tanner v. State,* 228 Ga. 829 (188 SE2d 512) and *Thomas v. State,* 128 Ga. App. 538 (197 SE2d 452). See also *Whippler v. State,* 218 Ga. 198 (3) (126 SE2d 744). Moreover, the obtuse remark cannot be considered "so flagrantly prejudicial as to violate the fair trial rights of the defendant." *Holcomb v. State,* supra. We note, in addition, that the cohabitation of these two persons was subsequently brought to the jury's attention in a more direct manner by the defense in its attempt to explain the defendant's possession of the gun. The trial judge did not abuse his discretion by denying the mistrial motion.

2. It is contended that the jury's verdict, acquitting defendant of the concealed weapon charge while convicting her of the license charge, was an inconsistent one. "The determinative factor in such cases is whether the acquittal of one charge necessarily includes a finding against a fact that is essential to conviction for the other charge. If so, the evidence is then insufficient to support a verdict of guilty in the convicted charge." *Conroy v. State,*

231 Ga. 472, 475 (202 SE2d 398).

Applying this test, we find no inconsistency in the jury's verdict. The two charges, as set out in Code Ann. §§ 26-2901 and 26-2903, possess dissimilar elements. See *Jackson v. State,* 230 Ga. 640 (198 SE2d 666), wherein the Supreme Court held that an acquittal of a license charge was not inconsistent with a conviction for carrying a concealed weapon. The verdict under consideration could be considered inconsistent only if the acquittal on the concealed weapon charge necessarily represented a finding by the jury that she did not carry a pistol. Such a finding, however, is not implicit in the acquittal. The jury may simply have concluded that the pistol was carried by defendant in an open manner. This possibility is consistent with the evidence, which showed that defendant was brandishing a gun for which she failed, at trial, to produce a license. Thus, the acquittal of the concealed weapon charge contained no necessary finding of fact essential to conviction for the license charge. As the verdict here is not inconsistent, this enumeration is without merit.

3. Defendant's remaining enumerations challenge the sufficiency of the court's charge to the jury. It is contended that the court erred in failing to instruct the jury on the law of accident or mistake. While there was some evidence that defendant did not initially realize that the gun was in her purse, her subsequent use and conscious possession of the pistol was sufficient to establish a violation of the license requirement of Code Ann. § 26-2903. Defendant could not claim accident or mistake on the facts presented and clearly was not entitled to the charge.

Defendant also argues that the court erroneously failed to instruct the jury on justification. One is justified in carrying a pistol outside his home, automobile or place of business without a license under certain emergency situations. See *Pickett v. State,* 123 Ga. App. 1 (179 SE2d 303); *Caldwell v. State,* 58 Ga. App. 408 (198 SE 793); *Williams v. State,* 12 Ga. App. 84 (76 SE 785). Defendant has not contended that her possession was pursuant to any such emergency situation. Thus, she was not entitled to the charge.

We have reviewed the instructions of the court and find them to be unambiguous and complete. As the charge was not objectionable for any of the reasons argued by defendant, these remaining enumerations are without merit.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED SEPTEMBER 3, 1975 — DECIDED OCTOBER 20, 1975.

*Paul S. Weiner,* for appellant.
*Hinson McAuliffe, Solicitor, Jerry Baxter, Assistant Solicitor,* for appellee.