Clark, Judge.
This is an appeal from a finding of delinquency in a juvenile court hearing. The delinquency petition charged appellant, who was then a fifteen-year-old girl, with the attempted murder of her newborn baby boy. The enumerations of error present a single issue as to the sufficiency of evidence regarding appellant’s alleged criminal intent.
The facts surrounding the occurrence are not disputed. Appellant, who had successfully hid her pregnant condition from her family and others, delivered her baby without aid at her home. She put the infant in a paper bag and placed the bag in a trash can outside the house. Almost simultaneously, county sanitation workers arrived and emptied the trash into the hopper of their truck. After the truck had proceeded about fifteen feet, the baby was heard crying. The infant was rescued and subsequently found to be unharmed.
Appellant did not testify but her written statement was introduced in evidence. This was done after it had been established that it was taken in the mother’s presence and after both the daughter and mother had been informed as to the appellant’s constitutional rights. This statement averred that the baby did not exhibit any signs of life when born and that she believed that the infant was not alive when she disposed of him. However, medical witnesses testified that their examination of the baby showed him to be perfectly normal. The physician who examined the baby stated that a child’s life signs usually appear within one minute of birth.
"A person commits criminal attempt when, with intent to commit a specific crime, he performs any *541 act which constitutes a substantial step toward the commission of that crime.” Code Ann. § 26-1001. (Emphasis supplied.) "A person will not be presumed to act with criminal intention, but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.” Code Ann. § 26-605. Whether the requisite intent is manifested by the circumstances is a question for the trier of fact, and, on review, this court will not disturb the factual determination unless it is contrary to the evidence and clearly erroneous. See Gallery v. State, 92 Ga. 463 (17 SE 863); Rider v. State, 121 Ga. App. 677 (175 SE2d 69); Fulmer v. State, 74 Ga. App. 298 (4) (39 SE2d 732).
Argued October 8, 1975
Decided November 13, 1975.
Harrison, Martin, Childs & Foster, Mobley F. Childs, Charles D. Woods, for appellant.
Kathryn Anne Workman, Solicitor, for appellee.
We think that the circumstances presented here were sufficient to allow the trier of fact to infer that appellant acted with the intent to commit murder. The medical testimony indicated the unlikeliness of appellant’s assertion that the infant exhibited no signs of life during the time period necessary to dispose of the baby. It is also of significance that the sanitation workers were able to hear the infant’s cry almost immediately. Appellant, while undoubtedly confused and frightened, appeared to act calmly and attempted to conceal the truth of her acts. The juvenile court judge could properly have found the requisite intent from the evidence presented.

Judgment affirmed.

Pannell, P. J., and Quillian, J., concur.