## 55433. FAVORS v. THE STATE.

DEEN, Presiding Judge.

Emma Jean Favors appeals from a jury verdict which found her guilty of simple battery contending that the trial court erred in refusing to grant her motions for a mistrial because the prosecutrix volunteered evidence

which improperly and prejudicially placed her character in issue, and because the court allowed into evidence testimony implicating her in a crime other than the one for which she was on trial.

1. An examination of the record reveals that the trial court instructed the jury to disregard the prosecutrix' unsolicited remark that appellant was living with her husband and ordered the comment stricken from the record. Such a remark did not place appellant's character into evidence. *Carter v. State,* 136 Ga. App. 197 (220 SE2d 749) (1975). This remark was not so flagrantly prejudicial as to violate the fair trial rights of appellant and the corrective measures taken by the court were adequate. *Holcomb v. State,* 130 Ga. App. 154 (202 SE2d 529) (1954). The court did not abuse its discretion in refusing to grant a mistrial.

2. A witness to the stabbing testified that appellant told him she was "going to get [him] for telling that lie on [her] there in the courtroom." After having the jury removed from the courtroom, defense counsel moved for a mistrial. The state was then permitted to continue the witness' testimony to demonstrate the purpose for which it was being offered. The witness testified that appellant told him: "I can use the same knife on you that I used on Margaret." The trial court denied appellant's motion and permitted the witness to repeat his testimony before the jury. We find no error. Evidence of separate crimes is inadmissible except when the extraneous crime "may bear upon the question of identity of the accused, or articles connected with the offense." *Cox v. State,* 165 Ga. 145 (139 SE 861) (1927). Appellant's statement, as recounted by the witness, identifies her as the person who stabbed the prosecutrix and identifies the knife as the article "connected with the offense." Again the court did not violate its discretion in refusing to grant appellant a mistrial.

*Judgment affirmed. Smith and Banke, JJ., concur.*

Submitted March 1, 1978 — Decided March 16, 1978.

*Jack H. Affleck, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.