## 56194. HOLTZENDORF v. THE STATE.

DEEN, Presiding Judge.

1. Where an indictment is drawn in two or more counts, a count otherwise complete but by inadvertence not numbered is not invalid. *Lee v. State,* 81 Ga. App. 829, 831 (60 SE2d 177) (1950). The rule of law that each count must be complete within itself and contain every allegation essential to constitute the crime applies to the offense rather than the form. *Shuman v. State,* 82 Ga. App. 294, 296 (60 SE2d 517) (1950).

2. The defendant was found guilty of two counts of the indictment: carrying a concealed weapon and carrying a pistol without a license. As to the latter offense, the defendant had on his person a pistol which he

surrendered to police officers. He also produced two licenses to carry a pistol issued under the former Act (Ga. L. 1968, pp. 1249, 1324) for three years, dated December 3, 1974. As this offense is alleged to have occurred on October 12, 1977, they are still viable.

When Code § 26-2904 was rewritten by Ga. L. 1976, pp. 1430, 1433, it was specifically provided that all licenses in effect "are hereby continued in force and effect until the date of their expiration as shown on such licenses." Forms for application in use after July 1, 1976, are "designed to elicit information from the applicant pertinent to his eligibility under this section, but shall not require nonpertinent nor irrelevant data such as serial numbers or other identification capable of being used as a de facto registration of firearms owned by the applicant." Since this transaction occurred subsequent to July 1, 1976, we construe the intent of Code § 26-2904 (1) not to require reregistration until former licenses expired, but (2) not to require after the effective date of the Act submission of information as to the identifying characteristics of the weapon sought to be licensed. This shows a direct legislative intent to require, after July 1, 1976, that any information as to the *identification* of the weapon be treated as (in the words of the statute) "nonpertinent. . . irrelevant." The defendant carried a license which is conceded by the state to be valid. The law at the time of his arrest did not require the owner of a pistol to identify that particular pistol, but only to prove his eligibility to carry one. The general rule is that, as stated in Code § 26-103, a crime "must be construed and punished according to the provisions of the law existing at the time of the commission thereof. The requirements for license, on the date of this transaction, did not require that the pistol be identified. This change in the law obviously inured to the benefit of the defendant and he cannot be convicted of carrying a pistol without a license when he in fact had a valid license, even though the latter did not identify the pistol recovered, and even though, at the time it was issued, this information was required to be furnished. The conviction under Count 3 must be reversed.

3. As to Count 2, there is testimony that the pistol

was not carried "in an open manner and fully exposed to view" as required by Code § 26-2901, but rather was concealed by the defendant's jacket and stuck in his pants or pants belt. The evidence supports the conviction on this count. The appellate courts "review the evidence only to determine if there is any evidence sufficient to authorize the fact finder to return the verdict of guilty." *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131) (1976).

*Judgment affirmed in part and reversed in part. Smith and Banke, JJ., concur.*

SUBMITTED JUNE 29, 1978 — DECIDED JULY 14, 1978 — REHEARING DENIED JULY 25, 1978.

*Patton & Hoyt, Jack R. Hancock, C. Ronald Patton,* for appellant.

*F. Larry Salmon, District Attorney, Wallace W. Rogers, Jr., Assistant District Attorney,* for appellee.