McMurray, Presiding Judge.
This case involves a juvenile delinquency petition filed against a juvenile, age 16, alleging three counts of delinquency. Count 1 contends he committed the "offense of Criminal Attempt to Commit Armed Robbery” in that he entered a Majik Market with the intent to commit a theft in the immediate presence of an employee of the market with the use of an offensive weapon but was interrupted by a police officer who entered the market while said child was inside and in possession of a stocking mask and a .22 caliber pistol. Count 2 contends he committed the "offense of Carrying a Concealed Weapon” with reference to the .22 caliber pistol carried on his person not fully open to view. Count 3 contends he committed the "offense of Carrying a Pistol Without a License” in that he did not have a valid license issued for the carrying of a .22 caliber pistol. An adjudicatory hearing was held in the Juvenile Court of Gwinnett County where the alleged delinquent acts occurred, at which time Count 3 was found insufficient and dismissed. The other two counts were sustained, and the juvenile was held to be delinquent within the meaning of the law.
The entire case was then transferred to the Juvenile Court of DeKalb County for final disposition since the juvenile resided in DeKalb County. At the dispositional hearing the juvenile was found to be in need of treatment and rehabilitation on December 7,1978. He was placed on probation and supervision of the court until his 17th birthday. The juvenile appeals. Held:
1. The first enumeration of error contends that the "evidence was insufficient to convict as to Count I” (the criminal attempt to commit armed robbery). Counsel for the juvenile contends that there "was no attempt to commit the crime” as same was abandoned before any overt act occurred. The juvenile testified in his own behalf and on cross examination made certain admissions that he and another friend had intended to rob the store, entering it on two occasions but in each instance departed without any overt act occurring. In preparation for the robbery they wore caps known as toboggan caps. *837 Underneath these caps they wore stockings (obtained from the juvenile’s mother’s drawer) which they pulled over their hair. The stockings could be pulled down over their faces. They drove to the vicinity of the store in a van and parked it in an apartment complex by backing it up to a wall so the vehicle could not be observed. This juvenile had found a pistol which his friend (the other young man) knew he possessed. When they first entered the store the other young man had the pistol. While in the store they picked up a six pack of beer but put it back and departed. This juvenile admits the purpose for having the pistol was to use it to hold up the place to get money. There were a lot of people in the store, he became "real scared” and had "second thoughts about it.” See Code § 26-1003.
They then entered the store for the second time at which time the other young man put the gun in the juvenile’s pocket. They again picked up a six pack of beer, had a short conversation in which this juvenile testified that he didn’t want to do it and they "proceeded to leave.” He denied that he ever pulled the toboggan cap or the stocking cap underneath down over his eyes although the police officer testified that he did. This quantum of proof would be sufficient to authorize the fact finder to find from a preponderance of the evidence that this juvenile had abandoned the attempt. See Clark v. State, 224 Ga. 311 (1), 312 (161 SE2d 836); Chandle v. State, 230 Ga. 574, 576 (3) (198 SE2d 289); Gibbons v. State, 136 Ga. App. 609, 611 (3) (222 SE2d 55). However, the trier of fact found otherwise.
Because of the suspicious nature of the two people in the store the police had been notified. Receiving a suspicious person call, a uniformed police officer drove to the store and observed the two young men inside wearing stocking caps. This officer was later joined by other officers. The first officer to arrive testified that he observed the juvenile pull down the stocking cap "with both hands,” that is, "pull it down to the nose level.” He also testified that the juvenile "reached into his right front pocket and took out a dark colored object and held it down to his side. It appeared to me that it was a hand gun.” This officer then entered the store and "observed the larger of the two subjects put the stocking cap back up on *838 his head,” the other suspect replaced the six pack of beer in the cooler, and the two started to leave the store. As they walked up through the aisle this witness further testified the juvenile had "his right hand in his right front pocket. Sticking out of the bottom comer of his hand was what appeared ... appeared to me to be a pistol. But, the rest of the pistol was down inside his pocket.” The police officer then arrested them at the front door, asked the juvenile to remove his hand from his pocket at which time he did "observe the full end of the pistol butt sticking out of his pocket.”
A person is not presumed to act with criminal intention. However, the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted. See Code § 26-605. J. A. T. v. State of Ga., 136 Ga. App. 540, 541 (221 SE2d 702); Riddle v. State, 145 Ga. App. 328, 330 (1) (243 SE2d 607).
We must determine here whether the evidence shows a substantial step toward the commission of the crime, that is the commission of a robbery. Mere preparation is insufficient, but an act toward perpetration must occur if an attempt is more comprehensive than mere intent implying both the properties (the intent) and actual effort to carry the purpose (the intent) into execution. That is, there must be an act done in pursuance of the intent directly tending to the commission of the crime. See Smith v. State, 126 Ga. 544, 546 (55 SE 475); Groves v. State, 116 Ga. 516 (42 SE 755); Bell v. State, 118 Ga. App. 291, 292 (163 SE2d 323); Riddle v. State, 145 Ga. App. 328, supra.
The state contends that the possession of the gun, the stocking cap under the toboggan type stocking cap, and the pulling of same down over the eyes (all occurring inside the store they intended to rob) were sufficient overt acts to create an attempt. The juvenile contends the manager of the store was not threatened, intimidáted or approached, or in any fashion threatened with the loss of any property. Certainly the juvenile and the other young man may have been guilty of acts which, if he were an adult would constitute the offense of criminal conspiracy to commit a felony, that is, doing an overt act (the *839 preparation to commit the crime) to effect the object of the conspiracy as described in Code Ann. § 26-3201 (Ga. L. 1968, pp. 1249, 1335; 1969, pp. 857, 867; 1977, p. 601). However, he was not charged with criminal conspiracy or a delinquent act or acts amounting to criminal conspiracy.
Argued July 11, 1979
Decided October 19, 1979.
Nevertheless, the alleged overt act or acts must be "inexplicable as a lawful act” in order to be more than mere preparation. Bell v. State, 118 Ga. App. 291, 292, supra; Groves v. State, 116 Ga. 516, 517, supra. Entering the store with a hidden pistol and then drawing it out was more than preparation. See Bell v. State, supra; J.A.T. v. State of Ga., 136 Ga. App. 540, 541, supra; Hammond v. State, 47 Ga. App. 795 (1), 796 (171 SE 559). Coupled with the admission of intent, the elements of attempted robbery were ascertainable by the fact finder based upon the juvenile’s entering the store with the hidden stocking cap, the wearing of the toboggan cap with stocking cap concealed, and the adjustment of same over the eyes, and the hidden pistol. These are all incapable of explanation as lawful acts where the intent to rob was admitted.
The evidence was sufficient to convict as to Count 1, and the first enumeration is not meritorious.
2. The other enumeration of error is that the "evidence was insufficient to convict as to Count II” (the carrying of a concealed weapon). Here the .22 caliber pistol was clearly concealed in the pocket of the juvenile and same was not obvious as a weapon until his arrest. The police officer instructed him to remove his hand from the pocket disclosing same to be a pistol as it was concealed by his hand and his pocket until that time. Clearly the pistol was not carried "in an open manner and fully exposed to view” as described in Code Ann. § 26-2901 (Ga. L. 1976, pp. 1430, 1431). See also Marshall v. State, 129 Ga. App. 733 (1) (200 SE2d 902); Holtzendorf v. State, 146 Ga. App. 823 (247 SE2d 599). This ground of error is not meritorious.

Judgment affirmed.

Banke and Underwood, JJ., concur.

Thomas L. Williams, for appellant.
Kathryn Anne Workman, Solicitor, Susan Brooks, Assistant Solicitor, Bryant Huff, District Attorney, for appellee.