## 60529. McCROY v. THE STATE.

McMURRAY, Presiding Judge.
Defendant, along with two others, was indicted in a three-count indictment charging all three in Count 1 with the offense of armed robbery and in Counts 2 and 3 charging defendant and one of the co-defendants with the offenses of carrying a pistol without a license and carrying a concealed weapon. The jury returned a verdict of guilty against defendant on Counts 2 and 3 and a verdict of acquittal as to the burglary charge. The co-defendants were acquitted of all charges.

Defendant was sentenced to serve 12 months and pay a fine of

$500 for the conviction of carrying a pistol without a license and to serve 12 months to run concurrently for the conviction of carrying a concealed weapon. Defendant's motion for new trial was filed and denied.

Defendant appeals, enumerating as error the general grounds of his motion for new trial and the refusal of the court to grant him a complete transcript of his trial. The trial court has stated in its certification of an extract of relevant evidence that due to the length of the trial, the majority of which would relate only to the charge of armed robbery of which the defendant was acquitted, as a matter of economy the trial court would provide an accurate narrative of the essential elements of testimony given at trial relevant to the charges of which defendant was convicted by extracting same from the notes which the trial court regularly maintains on the trial of each case and that this narrative will enable the appellate court to make a full and complete review of the appeal. *Held:*

1. Due to the acquittal of defendant on the armed robbery charge, testimony was not required to be entered on the minutes of the court or in a book to be kept for that purpose, as required under Code § 27-2401, as amended (Ga. L. 1973, pp. 159, 169; 1976, pp. 991, 992). Although defendant appears to be a pauper, the state was not unconditionally required to bear the cost of preparing a complete transcript of the trial, as alternative and proper methods of presenting the evidence before this court were available. Code Ann. § 6-805 (g) (Ga. L. 1965, pp. 18, 24); *Bailey v. State,* 232 Ga. 873, 874-875 (209 SE2d 204).

The extract of relevant evidence prepared by the trial court is entirely sufficient to afford proper appellate review and consideration of defendant's remaining enumeration of error. The trial court did not err in declining to order the preparation of a court reporter's transcript of the entire trial. *Sales v. State,* 152 Ga. App. 635, 636 (263 SE2d 519).

2. A police officer testified that on August 9, 1979, he was patrolling in the area of Auburn Avenue in Atlanta, Georgia, when he heard several gunshots nearby. Within seconds he arrived at the general location where the shots were heard and several persons were pointing toward Yonge Street. The officer, understanding the pointing to be equivalent to "there they go," and seeing three subjects in that area, including the defendant, stopped them. The officer testified that the defendant "had the butt end of a pistol sticking out" of his right front pocket. The officer arrested the three subjects, including the defendant, found no pistol license, and asked the defendant whether or not he had a license. Defendant failed to produce any pistol license. The defendant admitted possession of a

pistol at that time and that in order to keep another man away from him at a crap game he fired the gun toward the ground twice.

Code Ann. § 26-2901 (Ga. L. 1968, pp. 1249, 1323; 1976, p. 1430) provides that a person commits the crime of carrying a concealed weapon when he knowingly carries about his person, outside his home, or place of business, a firearm unless such firearm is carried "in an open manner and fully exposed to view." As there is no indication that the arresting law enforcement officer or anyone else failed to immediately recognize upon approaching defendant that he carried a pistol, we cannot say that the defendant failed to carry the pistol "in an open manner and fully exposed to view," as described in Code Ann. § 26-2901, supra. The fact that it was obvious to the police officer upon approaching defendant that he was armed does not meet the criteria as found in Code Ann. § 26-2901, supra. Relevant testimony by the police officer making the arrest stated he saw the defendant who "had the butt end of a pistol sticking out of defendant's . . . right front pocket." All of the defendants testified to the effect that the gun was not concealed. The evidence here was insufficient to show the defendant guilty beyond a reasonable doubt of carrying a concealed weapon. See *Stripling v. State,* 114 Ga. 538 (1), (2), 541 (40 SE 733); *Stockdale v. State,* 32 Ga. 225, 227; *Killet v. State,* 32 Ga. 292, 294. Even though the police officer's testimony was that the handle alone was exposed, this witness was well aware, after hearing several gunshots and approaching the area where he arrested the defendants, that a weapon had been used, and the defendant was not concealing it. Compare *Ingram v. State,* 25 Ga. App. 7, 8 (102 SE 452); *Marshall v. State,* 129 Ga. App. 733 (2) (200 SE2d 902); *Holtzendorf v. State,* 146 Ga. App. 823 (247 SE2d 599); *Carter v. State,* 136 Ga. App. 197, 199 (2) (220 SE2d 749).

Although defendant's conviction on the charge of carrying a concealed weapon is not authorized by the evidence, the conviction of carrying a pistol without a license is not precluded. See *Carter v. State,* 136 Ga. App. 197, 199 (2), supra. The evidence shows that the defendant, while without a license for the carrying of a pistol on his person, carried a pistol on his person outside of his home, motor vehicle, or place of business and that the provisions relating to no license being required of individuals engaged in legal hunting, fishing, or sport shooting are inapplicable. See Code Ann. § 26-2903 (Ga. L. 1968, pp. 1249, 1323; 1976, pp. 1430, 1432). See also *Devlin v. State,* 150 Ga. App. 353 (258 SE2d 36).

After a careful review of the extract of relevant evidence we find, and so hold, that a rational trier of fact (the jury in the case sub judice) could reasonably have found the defendant guilty beyond a reasonable doubt of the offense of carrying a pistol without a license.

*Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628).

*Judgment affirmed in part; reversed in part. Smith and Banke, JJ., concur.*

Submitted September 4, 1980 — Decided September 19, 1980.

*Louise Hornsby,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Carole E. Wall, Assistant District Attorneys,* for appellee.