## 61930. POOLE v. THE STATE.

BIRDSONG, Judge.

William B. Poole was convicted of carrying a concealed weapon and sentenced to twelve months, sixty days to serve and the remainder on probation plus a $250 fine. He brings this appeal enumerating error on the general grounds and the denial of his motion for a directed verdict of acquittal. *Held:*

The jury was warranted in believing beyond a reasonable doubt that Poole was carrying a .22 caliber pistol, completely concealed in his left rear pocket and without any permit. The evidence established that Poole was driving a taxi for a neighbor. At 1:15 a.m., the police stopped Poole on suspicion of DUI. He was removed from his vehicle and given a pat down search. The police officer at that time removed the pistol from Poole's pocket. Poole does not contest those facts. His sole argument is that Code Ann. § 26-2901 only proscribes the carrying of a concealed weapon outside his home or place of business. His argument continues that he was driving a taxi, that was his place of business, and thus he was not carrying a weapon in violation of the code section.

We have difficulty following Poole's argument. Had he been carrying the weapon in the glove compartment of the cab or even in the front seat, we could find more arguable merit therein. However, Poole testified that he had intended to return the pistol to a relative and was carrying the gun for that purpose and simply forgot that it was in his pocket. Thus, his own testimony belies that he was carrying the weapon for protection of his business. Secondly, the pistol was not found in or about the cab but was found in Poole's pocket while Poole was outside the taxi and was completely concealed in his rear pocket. Lastly the theory advanced by Poole was argued to the jury and that body rejected the premise and found Poole guilty.

Only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law is it error for a trial court to

refuse to direct a verdict of acquittal. *Merino v. State,* 230 Ga. 604 (198 SE2d 311); *Allen v. State,* 137 Ga. App. 302, 303 (223 SE2d 495). Under the evidence there was a conflict as to whether Poole was carrying the pistol for a legitimate or unlawful purpose. There certainly was no conflict that the weapon was being carried in a concealed manner. Under these circumstances, we cannot say that the trial court erred in denying the motion for a directed verdict of acquittal. Moreover, a review of the evidence presented to the jury and available for their consideration, convinces us that any reasonable trier of fact could rationally have found from that evidence proof of guilt beyond a reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 17, 1981 —
REHEARING DENIED OCTOBER 5, 1981.

*Glyndon C. Pruitt, Donn M. Peevy,* for appellant.
*Herbert T. Jenkins, Jr., Solicitor,* for appellee.