## 65022. GOSS v. THE STATE.

POPE, Judge.

Defendant Carl T. Goss was indicted for aggravated assault of a peace officer, carrying a concealed weapon and carrying a pistol without a license. The events leading to these offenses began when defendant was removing some junk from a vacant lot and the owner of the junk arrived. An altercation occurred, during which defendant pulled a revolver from his truck and made threatening gestures with it. The police were called. When a patrolman arrived, he was told defendant had a gun and he was able to see the handle of the revolver protruding from defendant's back pocket. The patrolman, with his service revolver drawn, approached defendant, said something and defendant pulled the revolver out in a quick motion and pointed it in the patrolman's direction. The patrolman instantly shot and wounded him. Immediately afterward, defendant apologized to the patrolman and told him he was only handing him the gun.

The jury found defendant guilty on all three counts and the trial court sentenced him to ten years for aggravated assault (count one), one year for carrying a concealed weapon (count two) and one year for carrying a pistol without a license (count three), the latter two to run concurrently with the first. In defendant's two enumerations of error on this appeal he challenges his convictions on counts one and two. There is no challenge to the conviction on count three so it stands affirmed.

1. In his argument in support of his first enumeration of error defendant urges that *McCroy v. State,* 155 Ga. App. 777 (2) (272 SE2d

747) (1980), demands that his conviction for carrying a concealed weapon be reversed. We agree. In that case, with substantially similar facts, the court held that carrying a pistol in a pants pocket with the handle exposed was not carrying a concealed weapon under Code Ann. § 26-2901 (now, as amended, OCGA § 16-11-126). We therefore reverse the judgment as to count two.

The state challenges any reliance upon *McCroy,* supra, asserting that the issue of the effect of the 1976 amendment to Code Ann. § 26-2901 (now, as amended further, OCGA § 16-11-126) was not considered or addressed in that case. The state further asserts that the issue was not raised by brief, attaching a copy of its brief filed in that case. The state advocates that *McCroy* be overruled.

In *McCroy* the defendant was convicted of carrying a concealed weapon and carrying a pistol without a license; he appealed, asserting the general grounds. The court reviewed the evidence bearing on the carrying a concealed weapon count (facts substantially similar to the facts in the case at bar) and found the evidence insufficient to support the conviction on that count, citing Code Ann. § 26-2901 (as amended at Ga. L. 1976, p. 1430).

Under the former law (Ga. L. 1968, pp. 1249, 1323) and the law at issue here (Ga. L. 1976, pp. 1430, 1431) the crime of carrying a concealed weapon is committed when a person "knowingly has or carries about his person, outside of his home, or place of business [the latter added by the 1976 amendment], unless in an open manner and fully exposed to view, any . . . firearm . . ."

The General Assembly added several specific provisions to Code Ann. § 26-2901 in the 1976 amendment, which entirely superseded the former section. The state contends that the additional language was intended to statutorily overrule the cases construing the former section. We disagree. A review of cases decided under the former section dispels the implication that the courts had construed the former section more liberally than the General Assembly had intended. See, e.g., *Freeman v. State,* 233 Ga. 678, 680 (212 SE2d 847) (1975); *Ezzard v. State,* 229 Ga. 465 (3) (192 SE2d 374) (1972), overruled on other grounds, *Head v. State,* 235 Ga. 677, 679 (221 SE2d 435) (1975); *Mayo v. State,* 132 Ga. App. 217 (1) (207 SE2d 697) (1974); *Marshall v. State,* 129 Ga. App. 733 (1) (200 SE2d 902) (1973); *Reeves v. State,* 128 Ga. App. 750 (1) (197 SE2d 843) (1973). We note, however, that these cases have no binding application to Code Ann. § 26-2901 after the 1976 amendment. *White v. State,* 138 Ga. App. 470 (226 SE2d 296) (1976).

We thus proceed to examine *McCroy* in order to determine whether it correctly construed and applied Code Ann. § 26-2901, as amended. The 1976 amendment added, in material part, the

following language: "The provisions of this section shall not, outside of his home, motor vehicle, or place of business, permit the carrying of a pistol, revolver, or concealable firearm by any person unless he has on his person a valid license issued under section 26-2904, and such pistol, revolver or firearm may only be carried in a shoulder or waist belt holster, hipgrip or any other similar device, handbag, purse, attache case, brief case or other closed container." This language could be construed as providing that the carrying of a pistol in any manner other than one of those specified constitutes carrying a concealed weapon. We do not believe, however, that such a construction is warranted, for it would prohibit the carrying of a pistol "in an open manner and fully exposed to view" in one's hand. While carrying a pistol in such a manner may be a violation of Code Ann. § 26-2903 (now OCGA § 16-11-128), carrying a pistol without a license (of which the defendant was also convicted in the case at bar and in *McCroy*), it certainly cannot be said that the weapon would be concealed. We find that the sentence following the language quoted above recognizes this: "Carrying on the person *in a concealed manner* other than as provided herein shall not be permitted and shall be a violation of this section." (Emphasis supplied.)

We thus turn to the precise issue at hand: Does the carrying of a pistol in a pants pocket with the handle exposed such that all witnesses recognize it as a pistol constitute carrying a concealed weapon under Code Ann. § 26-2901? We think not. A person violates the prohibition of carrying a concealed weapon when he carries a weapon "completely concealed" (*Poole v. State,* 159 Ga. App. 792 (285 SE2d 205) (1981)) such that it is "not obvious as a weapon" (*J.E.T. v. State of Ga.),* 151 Ga. App. 836 (2) (261 SE2d 752) (1979)). Accord, *Holtzendorf v. State,* 146 Ga. App. 823 (3) (247 SE2d 599) (1978), where the pistol was concealed by the defendant's jacket and stuck in his pants or pants belt; *Marshall v. State,* supra, where we held that a weapon is concealed when it is visible by some but not by others. We therefore reaffirm *McCroy,* which held that a defendant cannot be guilty of carrying a concealed weapon where "there is no indication that the arresting law enforcement officer or anyone else failed to immediately recognize upon approaching defendant that he carried a pistol. . . ." *McCroy v. State,* supra at 779. The evidence in the case at bar shows that the witness and the arresting officer both clearly saw the handle of the pistol and immediately recognized it as a pistol. The pistol thus was not concealed.

2. In his second enumeration of error, defendant contends that the trial court committed reversible error in its charge on aggravated assault. The transcript shows that the court, after defining aggravated assault as assault with a deadly weapon, charged: "An

assault is defined either as an attempt to commit a violent injury to the person of another or the *omission* of an act which places another in reasonable apprehension of immediately receiving a violent injury." (Emphasis supplied.) Immediately after the charge, with the jury out of the courtroom, the prosecuting attorney asked to check with the court reporter, did so and then stated to the court: "I believe your honor just misstated — put in the word omission instead of commits. That was my recollection. I think that is what the court reporter has." The court responded that it used the word "commission" rather than "omission." The prosecutor then told the court again that the court reporter had down "omission." The court maintained that it had said "commission." The court then asked defense counsel if he had "any objection or suggestions to the charge" and counsel replied that he had none.

Defense counsel's reply was fatal to his contention. By stating that he had no objection to the charge in response to the inquiry of the court, the right to raise the issue on appeal was waived. *Devoe v. State,* 249 Ga. 499 (292 SE2d 72) (1982), and cases cited therein. This case is illustrative of the soundness of that rule. Here there was some doubt as to whether the trial court correctly said "commission" or inadvertently said "omission" instead, and the proper time and place for defendant to make his challenge was when the court asked for "any objection or suggestions to the charge." This would have enabled the court to reevaluate its response to the state and to give a recharge if appropriate. By standing mute, defendant, through his counsel, acquiesced to the correctness of the charge as given.

*Judgment affirmed as to Counts I and III; judgment reversed as to Count II. Sognier, J., concurs. Deen, P. J., concurs specially.*

DECIDED FEBRUARY 16, 1983.

*J. Russell Mayer,* for appellant.

Carl T. Goss, *pro se.*

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, R. A. Weathers, Assistant District Attorneys,* for appellee.

DEEN, Presiding Judge, concurring specially.

I generally agree with the majority's analysis of the effect of the 1976 Amendment to Code Ann. § 26-901 (now, as amended further, OCGA § 16-11-126), but am compelled to express some reservations over too literal application and automatic approach and adherence to *McCroy v. State,* 155 Ga. App. 777 (2) (272 SE2d 747) (1980).

As explained by the majority, the 1976 Amendment now embodied in OCGA § 16-11-126 (c) (Code Ann. § 26-2901) delineates certain limited permissible ways where one may conceal a firearm. That provision clearly does not imply that carrying a firearm in any other manner constitutes concealing a weapon; such a reading would in part obviate OCGA § 16-11-126 (a) (Code Ann. § 26-2901).

Whether a weapon is carried "in an open manner and fully exposed to view" necessarily involves a case-by-case determination, and the majority's survey of the previous case law reveals how very liberally this court has construed that phrase. We may pause to wonder if this court has in effect substituted the requirement of full exposure to view with the requirement only that the weapon not be completely concealed.

This court in recent cases may have allowed certain factors other than the physical placement of the handgun or firearm to influence its review of a determination of whether a violation of the statute occurred.

In *McCroy,* this court reversed a conviction because all the witnesses had perceived that the defendant carried a gun, despite the fact that only the gun handle was exposed from the defendant's pants' pocket. This court applies the same rationale in the case at bar. In both the instant case and *McCroy,* however, the *witnesses were aware that the defendant had a handgun or firearm before* they actually approached him. Such prior knowledge could and would aid one in detecting even a fully concealed weapon, much less one partially concealed. This court appears to have not considered or given enough weight to that practicality in emphasizing just how easily the witnesses recognized the defendant carried a firearm.

Upon reflection, it is observed that the decisions of this court in *McCroy* and this case may have strayed somewhat from the legislature's intent to control strictly the carrying of concealed weapons. It seems to me the better construction of the phrase "fully exposed to view" should require at least exposure of most of the weapon, rather than merely its handle or barrel. If the court continues to adhere to the rule in *McCroy,* perhaps the General Assembly should possibly consider narrowing our definition of "fully exposed to view." The law in Georgia today would appear to allow a lady, who has a proper license, to carry a handgun in her hand with her finger on the trigger, or, in her blouse, skirt or pants' pocket if the handle or barrel is sticking out. She could not palm a small handgun so that its handle and barrel would not allow a reasonable person to detect what she had. She may stick it in her boots if the handle or barrel is sticking out but may not place it in her boots totally out of sight. She may keep it in her purse concealed or with the handle

sticking out. A weapon may be carried while stuck under one's belt if his coat is off but while wearing one's coat it must be in a holster, hipgrip or similar device, all subject to prohibitions of carrying it to public gatherings.