## 70432. GAINER v. THE STATE.
### (334 SE2d 385)

BENHAM, Judge.

In this appeal from his conviction for possession of cocaine, appellant's sole enumeration of error is that his motion to suppress was denied. The basis for his motion was that his arrest was illegal, rendering the subsequent search which revealed a bag of cocaine in his sock equally illegal. We disagree.

Appellant was arrested for carrying a concealed weapon. The police officer who testified at the suppression hearing testified that while he and another officer were serving an arrest warrant, appellant and another man came to the arrestee's home and were admitted. The officer testified that when appellant entered, both officers noticed a bulge in his right rear pocket in the shape of a pistol. When asked about the bulge, appellant admitted that it was a pistol and was

arrested.

"A person commits the offense of carrying a concealed weapon when he knowingly has or carries about his person, unless in an open manner and fully exposed to view, any . . . firearm . . . outside of his home or place of business . . ." OCGA § 16-11-126 (a). Appellant's contention is that since the arresting officers recognized the bulge as a pistol, the pistol was not concealed. In support of that contention, appellant relies on *Goss v. State*, 165 Ga. App. 448 (301 SE2d 662) (1983), and *McCroy v. State*, 155 Ga. App. 777 (272 SE2d 747) (1980), for the proposition that when a police officer immediately recognizes that one is carrying a weapon, there is no violation of OCGA § 16-11-126 (a). That reliance is misplaced. In both cases cited by appellant, the handle of the weapon was protruding from the defendant's pocket. Therefore, this court ruled, since the weapon was exposed to view, there could be no conviction for carrying a concealed weapon. In the present case, however, it is undisputed that no portion of the weapon was directly visible. That being so, it cannot be said that it was being carried "in an open manner and fully exposed to view . . ." OCGA § 16-11-126 (a). See *Holtzendorf v. State*, 146 Ga. App. 823 (247 SE2d 599) (1978).

The bulge in appellant's pocket and his admission that it was a pistol gave the arresting officers sufficient cause to arrest appellant for carrying a concealed weapon. It follows that the subsequent search incident to that arrest was legal and that the denial of appellant's motion to suppress was not error.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 4, 1985.

*Susan E. Teaster*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Margaret V. Lines, Deborah W. Espy*, Assistant District Attorneys, for appellee.