## A98A0620. GAY v. THE STATE.
(505 SE2d 29)

Judge Harold R. Banke.

Christopher Gay was convicted of possession with intent to distribute cocaine, possession with intent to distribute marijuana, felony possession of marijuana, possession of a firearm during the commission of a crime and possession of a firearm by a convicted felon. He enumerates six errors on appeal.

This case arose after a MARTA supervisor observed Gay crossing a street near the Five Points station with a pistol butt protruding from one half to three quarters of an inch from the pocket of his shorts. Police officers responding to the supervisor's call for assistance approached Gay. While they patted him down, Gay attempted

to flee. An officer quickly tackled Gay and handcuffed him. As the officer pulled Gay from the ground, he noticed a bag under Gay which contained 43 small bags of marijuana, one medium sized bag of marijuana, 20 rocks of crack cocaine of an estimated value of $15 to $20 each, and $1,132.64. *Held*:

1. Gay contends that the trial court violated his right to a fair trial by refusing to allow defense counsel to comment during closing on the State's failure to produce one of the arresting officers, Sergeant Durham. He relies on *Morgan v. State*, 267 Ga. 203, 204 (2) (476 SE2d 747) (1996), which held that both defendants and the State are entitled to comment in closing argument about the opposing side's failure to produce certain witnesses. *Morgan*, which overruled *Wilson v. Zant*, 249 Ga. 373, 384-385 (4) (290 SE2d 442) (1982), on that ground, was decided several months after Gay's trial.

Although *Morgan* has retroactive application, it does not require reversal here because Gay failed to show harm from this error. *Smith v. State*, 268 Ga. 860, 862 (2) (494 SE2d 322) (1998). Given the testimony of the other witnesses to Gay's arrest, it is highly unlikely that Gay's inability to comment on the State's failure to produce the officer would have affected the outcome of this trial. Id.

2. The trial court did not err in denying Gay's motion to suppress evidence of his arrest. The record clearly refutes Gay's contention that an unreliable, anonymous tipster provided the information which led to his arrest. The MARTA supervisor, formerly a police officer, radioed MARTA police after noticing the pistol's butt peaking from Gay's shorts. *Goodman v. State*, 210 Ga. App. 369, 370 (436 SE2d 85) (1993) (in *Terry* context, an informant's reliability is irrelevant).

This information provided reasonable suspicion that Gay was carrying a concealed weapon sufficient to justify a *Terry* stop. *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968); *State v. McFarland*, 201 Ga. App. 495, 496 (411 SE2d 314) (1991) ("[A] founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing."). Although Georgia law does not prohibit carrying a pistol in a pants pocket with the butt exposed, the record here shows that the gun was not sufficiently visible to allow others to see that he was armed and dangerous. *Moody v. State*, 184 Ga. App. 768, 769 (1) (362 SE2d 499) (1987); *Goss v. State*, 165 Ga. App. 448, 449 (1) (301 SE2d 662) (1983). The record shows that the MARTA supervisor prided himself on his abilities to observe people and that less than an inch of the butt was visible. Compare *Goss*, 165 Ga. App. at 448 (weapon not concealed when its handle plainly protruded from pocket); *McCroy v. State*, 155 Ga. App. 777, 778 (2) (272 SE2d 747) (1980) (pistol with butt end "sticking out" of pocket not concealed). Neither a bus driver

to whom the supervisor initially communicated his observation nor the arresting officer saw the gun. See *Gainer v. State*, 175 Ga. App. 759, 760 (334 SE2d 385) (1985) (pistol bulging in pocket concealed).

Notwithstanding Gay's assertion to the contrary, the State's response to the motion to suppress was not grounded on hearsay. The arresting officer, who was "two or three steps behind" the nontestifying Sergeant Durham, stated he and Durham stopped Gay for a patdown for weapons based on the supervisor's report of a suspected weapon. In these circumstances, we cannot say the *Terry* stop was improper.

3. We must reject Gay's contention that the similar transaction evidence admitted at trial was not sufficiently similar to the crimes at issue. In the similar transaction, Gay was arrested for possession of cocaine with intent to distribute after an officer in the downtown area observed him taking money and distributing bags of crack cocaine. Officers found 47 individual bags of crack and $292 in cash. The evidence was admitted to show bent of mind, intent, and course of conduct. The crimes at issue here occurred in the same area of town, and involved in part the same illegal drug in similar packaging, and significant amounts of money. In light of these similarities, we cannot say the admission of this evidence constituted an abuse of discretion. *Anderson v. State*, 228 Ga. App. 617, 620 (2) (492 SE2d 252) (1997).

In a supplemental brief, Gay seeks to challenge the trial court's failure to sua sponte give a contemporaneous limiting instruction at the introduction of similar transaction evidence. His enumeration stated that "the trial court violated his right to a fair trial by allowing the State to introduce an alleged similar transaction." Because the contemporaneous instruction issue was not raised in the enumeration, we decline to reach it. *Guest v. State*, 229 Ga. App. 627, 628 (1) (494 SE2d 523) (1997) (briefs cannot be used to enlarge the enumerations of error).

4. Gay maintains that a competency examination he underwent to determine his fitness to stand trial was inadequate and perfunctory. The examination revealed that Gay was essentially malingering.

Criminal defendants have a constitutional right not to be tried while incompetent. *Baker v. State*, 250 Ga. 187, 190 (1) (297 SE2d 9) (1982). Courts therefore must inquire into competency and hold a hearing on the issue, if evidence raising the issue of incompetence becomes apparent. *Baker*, 250 Ga. at 190. Factors such as a history of irrational behavior, the defendant's demeanor at trial, and prior medical opinions are relevant to deciding whether this inquiry is necessary. *Brogdon v. State*, 220 Ga. App. 31, 33 (1) (467 SE2d 598) (1996). Upon receiving information which, objectively considered,

should reasonably raise a doubt about the defendant's competence, trial courts should conduct a civil proceeding before a special jury. Id.

Here, such procedures were unnecessary because the trial court did not receive information which reasonably raised a doubt regarding Gay's competence. The record shows that on the day of trial Gay was unresponsive to his attorney's questions and adopted a "distant look in his eyes." Based upon this limited evidence, and the fact that Gay had previously been admitted to a psychiatric hospital, the trial court agreed to a competency evaluation. The psychiatrist who evaluated Gay found his responses to her questions "suggestive of malingering." Gay's purported symptoms, notwithstanding the efficacy of the psychiatrist's report, were insufficient to raise bona fide doubts about Gay's competence. *Johnson v. State*, 209 Ga. App. 514, 515 (2) (433 SE2d 717) (1993).

5. The evidence, viewed in the light most favorable to the verdict, was sufficient to permit the jury to find all the essential elements of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). The record shows that the MARTA supervisor observed the butt of a pistol peaking from Gay's pocket. He also noticed that Gay was carrying a bag. When Gay was tackled, one of the officers found the gun; the bag containing the currency and contraband was beneath Gay. The arresting officer testified that the cocaine and the small packages of marijuana were of a sufficient amount and were packaged in a way indicative of distribution. *Williams v. State*, 199 Ga. App. 544, 545 (1) (405 SE2d 539) (1991). Further, the State presented evidence of Gay's prior felony conviction. Such evidence satisfied the requisites of *Jackson v. Virginia*.[1]

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JUNE 10, 1998 —
RECONSIDERATION DENIED JULY 31, 1998.

*Monique D. Moyse*, for appellant.
*Paul L. Howard, Jr., District Attorney*, for appellee.

---

[1] The possession charge was merged into the marijuana distribution charge for sentencing purposes.