### 74900. MOODY v. THE STATE.
(362 SE2d 499)

BENHAM, Judge.

Richard Lewis Moody brings this appeal from his conviction in a bench trial of carrying a concealed weapon and trafficking in cocaine.

The facts of the case are by and large undisputed. The arresting officer testified that while responding to a call in an apartment complex in DeKalb County, he noticed appellant exiting an apartment with a package in his hand, but that upon seeing the officer, appellant immediately turned and went back into the apartment. Feeling that there was something suspicious about appellant's conduct, the officer continued to patrol the complex, and within a short period of time once again noticed appellant exit the apartment and then go back in upon seeing the officer. The officer called for a backup unit and left the complex. Shortly thereafter, appellant drove away from the complex, and the officer followed him. After traveling only 100 yards from the complex, appellant made a right turn into a shopping center without giving a turn signal, whereupon the officer pulled appellant's vehicle over. As the officer approached him, appellant exited his vehicle and the officer asked to see his driver's license. While standing near the door checking appellant's driver's license, the officer saw what he recognized as the handle of a gun protruding from under the driver's seat of appellant's vehicle. The officer asked appellant if he had a

license to carry a concealed weapon, and appellant answered in the negative. Appellant was then placed under arrest for the traffic violation and for carrying a concealed weapon. The gun, a loaded .357-caliber Magnum pistol, was removed from underneath the driver's seat, and an inventory search of the car incident to the arrest revealed scales, a brown paper bag containing cocaine, and 16 baggies containing cocaine. Lab reports showed the substance to weigh 112 grams, 87.6 grams of which was pure cocaine.

1. Appellant contends that there was insufficient evidence to convict him of carrying a concealed weapon. OCGA § 16-11-126 (a) provides: "A person commits the offense of carrying a concealed weapon when he knowingly has or carries about his person, unless in an open manner and fully exposed to view, any bludgeon, metal knuckles, firearm, knife designed for the purpose of offense and defense, or any other dangerous or deadly weapon or instrument of like character outside of his home or place of business, except as hereinafter permitted under this Code section." Subsection (d) provides: "This Code section shall not forbid the transportation of any firearm by a person who is not among those enumerated as ineligible for a license under Code Section 16-11-129, provided the firearm is enclosed in a case, unloaded, and separated from its ammunition. This Code section shall not forbid the transportation of a loaded firearm in any private passenger motor vehicle in an open manner and fully exposed to view or in the glove compartment of the vehicle."

Appellant, citing, inter alia, this court's rulings in *McCroy v. State*, 155 Ga. App. 777 (272 SE2d 747) (1980); and *Goss v. State*, 165 Ga. App. 448 (301 SE2d 662) (1983), contends that since the butt of the gun was showing, it was not a "concealed weapon." However, appellant's reliance on *McCroy* and *Goss* is misplaced. "The law on this particular question was . . . announced by Judge Lyon in delivering the opinion in [*Stockdale v. State*, 32 Ga. 225 (1861)]; that is, the legislature intended to compel persons who carried such weapons to so wear them about their persons that others who came in contact with them might see that they were armed and dangerous persons, who were to be avoided in consequence." *Stripling v. State*, 114 Ga. 538, 540 (40 SE 733) (1901). The amount of exposure of the weapon is not as important as the method in which the gun is carried. Accord *Gainer v. State*, 175 Ga. App. 759 (334 SE2d 385) (1985). As was pointed out in *Stripling*, the law forbidding the carrying of concealed weapons was designed to put those dealing with such persons on notice so that they could govern themselves accordingly. Here, a gun slightly protruding from under the seat of a vehicle does not put others on notice and, therefore, is not "fully exposed" within the statute governing such weapons. Hence, appellant's enumeration of error is without merit.

2. In his remaining enumeration of error, appellant contends that the trial court erred in denying his motion to suppress the cocaine seized as a result of the search of his vehicle following his arrest, and in allowing into evidence an incriminatory statement he made to the arresting officer concerning his role as a middle man in a cocaine transaction. The thrust of appellant's argument for suppression is that both the statement and the discovery of the cocaine were the fruits of an arrest which was illegal because appellant's actions did not constitute the crime of carrying a concealed weapon. However, since we have determined in Division 1 of this opinion that appellant's acts did constitute a crime, appellant was legally arrested. Therefore, these enumerations lose their undergirding and must fall.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 4, 1987.

*R. Michael Whaley*, for appellant.

*Robert E. Wilson, District Attorney, R. Stephen Roberts, Barbara Conroy, Assistant District Attorneys*, for appellee.