## A96A0100. ANDERSON v. THE STATE.
### (470 SE2d 778)

ANDREWS, Judge.

Harvey Anderson appeals from the judgment entered on his convictions of possession of a firearm by a convicted felon (OCGA § 16-11-131 (b)), carrying a concealed weapon (OCGA § 16-11-126 (a)), and carrying a pistol without a license (OCGA § 16-11-128 (a)). We affirm.

1. The first and second enumerations contest the sufficiency of the evidence on the charges of carrying a concealed weapon and carrying a pistol without a license.

Viewed with all inferences in favor of the findings of the trial judge, the factfinder, the evidence was that MARTA Officers Albarron and Momon were patrolling the MARTA station at the airport when Officer Albarron saw Anderson sitting on a platform bench with an open container of beer in his hand. A black book bag was on the platform near Anderson. The officers advised Anderson he would have to dispose of the alcohol and asked if there were any additional bottles. Anderson said there were some in the book bag. Officer Albarron asked Anderson to remove them from the bag and Anderson told the officer to "go ahead." When the bottles were removed from the bag, the officers saw a Regent .22 handgun. Anderson had been previously court-martialed for selling heroin.

Anderson contests the sufficiency of the evidence because the gun was not found on his person, relying on *Hayes v. State*, 28 Ga.

App. 67 (110 SE 320) (1922).

Both OCGA §§ 16-11-126 (a) & 16-11-128 (a) require the State to prove the person was carrying a weapon "on or about his person." In *Hayes*, supra, the evidence was that the gun was in the pocket of a coat which was rolled up under the front seat of the accused's buggy which had been left at the livery stable. This was held insufficient under the 1910 version of OCGA § 16-11-126 (a) because the gun was "not in contact with his hands or any other portion of his person."

This case is factually distinguishable from *Hayes*. Here, Anderson was in a public place with the weapon instead of having it under the seat of his private mode of transportation. As reiterated in *Moody v. State*, 184 Ga. App. 768, 769 (1) (362 SE2d 499) (1987), " 'the legislature intended to compel persons who carried such weapons to so wear them about their persons that others who came in contact with them might see that they were armed and dangerous persons, who were to be avoided in consequence.' [Cit.] The amount of exposure of the weapon is not as important as the method in which the gun is carried." Id.

In *Moody*, the conviction of carrying a concealed weapon was affirmed when the gun only partially protruded from under the seat of an automobile. See *Simpson v. State*, 213 Ga. App. 143, 145 (3) (444 SE2d 115) (1994); *Cantrell v. State*, 204 Ga. App. 330, 331 (419 SE2d 141) (1992).

These contentions are without merit.

2. Anderson's third enumeration argues that the court erred in denying his motion in limine which sought to exclude the gun on the grounds it was improperly seized.

At the time the gun was introduced into evidence, however, counsel stated that there was no objection to it. Therefore, this issue cannot be considered here. *Harper v. State*, 180 Ga. App. 20, 21 (3) (348 SE2d 318) (1986).

3. Finally, Anderson contends that he did not personally and intelligently waive his right to a trial by jury. This contention, however, is refuted by the record which shows a knowing and intelligent waiver. *Evans v. State*, 216 Ga. App. 21, 24 (3) (453 SE2d 100) (1995); *Lawal v. State*, 201 Ga. App. 797 (2) (412 SE2d 864) (1991).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 19, 1996.

*Austin A. Hammond*, for appellant.
*Robert E. Keller, District Attorney, D. Brandon Hornsby, Assis-*

*tant District Attorney*, for appellee.