A97A1083. PARRISH v. THE STATE.
(491 SE2d 433)

Judge Harold R. Banke.

Tovorick Parrish was convicted of criminal trespass and carrying a concealed weapon. In his sole enumeration, he challenges the sufficiency of the evidence on the firearms charge.

This case arose after Parrish and the victim, his girl friend and the mother of his child, had a fight. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the verdict). In responding to the ensuing domestic violence complaint, the arresting officer placed Parrish in the back seat of the patrol car and proceeded to Parrish's car where he discovered a .22 caliber revolver protruding from under the driver's seat. *Held*:

The evidence is sufficient as a matter of law if, when viewed in the light most favorable to the verdict, a rational trier of fact could find all the essential elements of the crime. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). The pertinent elements of the offense of carrying a concealed weapon are knowingly having or carrying about one's person, unless in an open manner and fully exposed to view, any firearm, except as permitted by law. OCGA § 16-11-126 (a). The Code permits the transportation of loaded firearms in private vehicles by persons not ineligible for a license under OCGA § 16-11-129, if such firearms are "fully exposed" in an open manner or placed in the glove compartment of private vehicles. OCGA § 16-11-126 (d). This law's purpose is to compel persons carrying such weapons to display them so that others, knowing they were armed and dangerous, could avoid them. *Moody v. State*, 184 Ga.

App. 768, 769 (1) (362 SE2d 499) (1987).

Here, the arresting officer testified that he saw the butt of a revolver sticking out from under the driver's seat. It is well settled that "a gun slightly protruding from under the seat of a vehicle does not put others on notice and, therefore, is not 'fully exposed' within the statute governing such weapons." Id. Accordingly, the evidence was sufficient.

Notwithstanding Parrish's argument to the contrary, the State was not required to prove he owned the gun. OCGA § 16-11-126 (a). Furthermore, our cases make clear that the "having or carrying about one's person" element was satisfied with proof that the defendant was driving with a weapon visibly protruding from under the driver's seat. *Moody*, 184 Ga. App. at 769; see *Simpson v. State*, 213 Ga. App. 143, 145-146 (3) (444 SE2d 115) (1994).

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 18, 1997.

*Anthony T. Pete, Janet S. Willy,* for appellant.
*Harry N. Gordon, District Attorney, William W. Tanner, Assistant District Attorney,* for appellee.