## A00A1086. CRAWFORD v. THE STATE.
(540 SE2d 300)

PHIPPS, Judge.

Amie Crawford was found guilty of one count of driving with an unlawful alcohol concentration and one count of driving with an expired tag. She appeals her conviction of driving under the influence of alcohol, claiming that the trial court erred by denying her motion to exclude the results of the state-administered breath test. We conclude that Crawford's claim is without merit and affirm her conviction.

On December 3, 1998, at approximately 10:12 a.m., Clarkston Police Officer Jeff Manley stopped Crawford because her car had an expired tag. He asked to see her license and proof of insurance, but she did not have either item. While talking with Crawford, Manley detected an odor of alcohol coming from her car. He asked her if she had been drinking, and she admitted that she had consumed two drinks at 4:30 a.m. Manley then ordered Crawford to get out of her car and sit in his patrol car.

While in the patrol car, Manley smelled a strong odor of alcohol coming from underneath the divider between him and Crawford. He verified her license information and discovered that she was 19 years old. Manley then read Crawford the Georgia Implied Consent Notice for Suspects Under Age 21[1] verbatim; however, he did not formally place her under arrest. After the rights were read to Crawford, she agreed to submit to the alco-sensor evaluation. The test was positive for alcohol. Manley placed Crawford under arrest and transported her to the DeKalb County Jail where she agreed to take the state-administered breath test. The results of the breath test showed that Crawford's blood alcohol level was 0.069 grams.

Crawford contends that the trial court erred twice by denying her motion to exclude the results of the state-administered breath test. First, she argues that the test results were wrongly admitted because the arresting officer did not advise her of her implied consent rights at the time of her arrest. Second, she argues that because the arresting officer read the implied consent rights just before asking her to take the alco-sensor field test, she was confused and deprived of the right to make an intelligent decision whether she should take the state-administered chemical test.

1. For a state-administered breath test to be admissible at trial on a charge of driving under the influence of alcohol, OCGA § 40-6-392 (a) (4) requires that "[t]he arresting officer at the time of arrest shall advise the person arrested of his rights to a chemical test or

---

[1] OCGA § 40-5-67.1 (b) (1).

tests. . . ." Crawford argues that the implied consent warnings should have been given after she was arrested. Because she was given the warnings before she was formally arrested, she urges that the test results should have been suppressed.

The Supreme Court of Georgia has interpreted "at the time of the arrest" not to mean sometime in the future.[2] Rather, under ordinary circumstances, the implied consent warning must be given at the time of the arrest, "or at a time as close in proximity to the instant of arrest as the circumstances of the individual case might warrant."[3] Here, the arresting officer gave Crawford the implied consent warning before he administered the alco-sensor field test. After a positive test result, he placed Crawford under arrest.

After hearing testimony from Manley at the hearing on Crawford's motion to exclude the results of the state-administered test, the trial court found that the notice was read at or at least reasonably close to the time of arrest. When we review a trial court's decision on a motion to suppress, we must ensure that there was a substantial basis for the decision.[4] "We construe the evidence most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility must be adopted unless they are clearly erroneous."[5] But where the evidence is undisputed and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.[6] We review the trial court's decision under that standard.

After Manley determined that Crawford had been drinking, he placed her in the backseat of the patrol car, read the implied consent warnings, and then conducted the alco-sensor test. After a positive test, she was arrested and transported to jail. Because Crawford was not free to leave even before the administration of the alco-sensor test, the reading of the notice was done at the "time of the arrest" as required by OCGA §§ 40-5-55, 40-5-67.1 (a), and 40-6-392 (a) (4).[7]

2. Crawford claims that because Manley read the implied consent warnings just before she was given the alco-sensor test and not when she consented to the state-administered test, she was deprived of the right to make a meaningful and intelligent choice whether she should take the state-administered test. She claims that the officer misled her into believing that the alco-sensor test was the state-administered test.

---

[2] *Garrett v. Dept. of Public Safety*, 237 Ga. 413, 415 (2) (228 SE2d 812) (1976).

[3] *Perano v. State*, 250 Ga. 704, 708 (300 SE2d 668) (1983).

[4] *Howard v. State*, 233 Ga. App. 861 (505 SE2d 270) (1998).

[5] (Citation and punctuation omitted.) Id.

[6] *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

[7] See *Bass v. State*, 238 Ga. App. 503, 505-506 (3) (b) (519 SE2d 294) (1999).

Crawford argues that this case is controlled by *Deckard v. State*.[8] We disagree. The arresting officer in *Deckard* misread the implied consent notice by omitting the amended portion which states: "If you are a nonresident, Georgia is only authorized to suspend your privilege to operate a motor vehicle in the State of Georgia."[9] Thus, the nonresident driver in *Deckard* was misinformed and, therefore, unable to make an intelligent decision. Here, the arresting officer read the implied consent notice verbatim.

We agree with Crawford that the implied consent notice should not be read before the administration of the alco-sensor test because that may mislead the driver into believing that he or she is required to submit to that test. We are not, however, persuaded by Crawford's argument that the timing of the reading of the notice was so confusing that she was unable to make an intelligent decision about whether to submit to the state-administered test.

The implied consent notice advises a driver that submission to the state-administered test is required, of the consequences associated with refusing to submit to the state-administered test, and of his or her right to an independent test. While Crawford may have been confused about whether to submit to the alco-sensor test, which was not required, she does not appeal the admission of those test results. If she had refused to take the state-administered breath test, thereby suffering adverse consequences, she would have a better argument that she was confused about whether to submit to that test.

Under the circumstances, we find that Crawford was not deprived of the right to make a meaningful and intelligent choice whether she should submit to the state-administered test.

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED OCTOBER 12, 2000 — 

*King & King, Bernard S. Brody, David H. Jones*, for appellant.

*Gwendolyn R. Keyes, Solicitor, Mary E. Leonard, Thomas E. Csider, Assistant Solicitors*, for appellee.

---

[8] 210 Ga. App. 421 (436 SE2d 536) (1993).
[9] Id. at 422.