## A02A0663. ROSS v. THE STATE.
### (566 SE2d 47)

BARNES, Judge.

Matthew Ross III appeals his convictions of cocaine possession with intent to distribute, firearm possession by a convicted felon, and firearm possession in the commission of a felony, contending the trial court erred in denying his motion to suppress evidence seized during a traffic stop. For the reasons that follow, we affirm.

If the evidence presented in a motion to suppress hearing is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). If facts are disputed, the trial court's findings would be reversed only if clearly erroneous. Id.

In this case, the facts are undisputed. A Georgia State Patrol trooper testified that he was patrolling on I-20 eastbound one evening when he saw Ross's car ahead of him. The car was weaving from the inside lane to the emergency lane on at least three occasions and changed lanes about four times in the medium-heavy traffic without signaling. The trooper suspected the driver might be impaired, so he initiated a stop. After the trooper activated his lights, Ross drove about a half-mile before stopping, and the trooper saw him reaching back toward the backseat as he slowed and stopped.

The trooper asked Ross for his driver's license and proof of insurance and radioed the station to have them check the license status, which takes a few minutes. While he waited for the results, he walked up to the car and talked to Ross, who explained that he was tired from driving a long time. In response to a question, Ross said he had no weapons in the car. The trooper observed no evidence of alcoholic impairment, but as he was talking to Ross, he saw the butt of a handgun in the backseat near the area where he had seen Ross reaching, stuck between the back and bottom parts of the seat. The gun looked like a semiautomatic, but the trooper could see only the grip part of the gun.

At this point, the trooper testified, the focus of his investigation changed. He wanted to find out why Ross had lied about having a weapon in the car, and to protect his safety he wanted to get Ross out

of the car and away from the gun. He had Ross step out of the car, handcuffed him, patted him down briefly for weapons, and then called for backup so he could safely search the car. The trooper testified that when he felt coins in Ross's left pocket he thought Ross might have a weapon, so he put his hand in the pocket and pulled out a plastic bag with marijuana residue. At this point, Ross was not free to leave because the traffic stop had not been completed.

Once the deputy sheriff arrived to watch Ross, the trooper retrieved a 9 millimeter semiautomatic handgun from the backseat of the car. The gun was loaded with a round in the chamber. The trooper also tested the tint density of the car's windows and cited Ross because they were darker than allowed.

As the deputy sheriff watching Ross carried on a casual conversation with him, he noticed a bulge in Ross's left sock, visible where his pants rode up while seated. He felt the bulge and, suspecting it was caused by illegal narcotics, retrieved four plastic bags containing white powder in them from that sock. He then had Ross remove his other sock, where he uncovered plastic bags containing what appeared to be crack cocaine. Testing revealed that the substances were cocaine, weighing a total of 5.9 grams. A narcotics investigator testified that the packaging and weight showed an intent to distribute the drugs.

Ross contends the trial court erred in failing to suppress evidence obtained as a result of a warrantless seizure, arguing that the trooper should not have put his hand into Ross's pocket to pull out the marijuana bag because he did not suspect Ross had a weapon there. He also argues that Ross's consent to search the car was invalid because he was handcuffed when he gave that consent.

Before considering the pat-down and consent issues, however, we first consider whether the trooper had probable cause to arrest Ross after seeing the partially concealed handgun in the backseat. While OCGA § 16-11-126 (d) permits "transporting a loaded firearm in any private passenger motor vehicle in an open manner and fully exposed to view or in the glove compartment, console, or similar compartment of the vehicle," a gun half-hidden in the seat is not "fully exposed" and therefore constitutes an illegal concealed weapon.

> [T]he law forbidding the carrying of concealed weapons was designed to put those dealing with such persons on notice so that they could govern themselves accordingly. Here, a gun slightly protruding from . . . the seat of a vehicle does not put others on notice and, therefore, is not "fully exposed" within the statute governing such weapons.

*Moody v. State*, 184 Ga. App. 768, 769 (1) (362 SE2d 499) (1987).

After the trooper saw the gun, he handcuffed Ross. "A person is under arrest if he is not free to leave and a reasonable person in his position would not think that the detention was temporary." (Citation omitted.) *Brantley v. State*, 226 Ga. App. 872, 874 (2) (b) (487 SE2d 412) (1997). "Although the officer told defendant he was not under arrest at that time, we conclude that he was; a reasonable suspect, knowing that the officer had found the [gun], would not believe that he was free to leave or that his detention was only going to be temporary." Id.

Further, Ross's arrest was lawful. An officer may make a warrantless arrest and search if, at the time of the arrest, he has probable cause to believe the accused has committed or is committing an offense. *Johnson v. State*, 258 Ga. 506, 507 (2) (371 SE2d 396) (1988). In this case, at the time of the arrest the trooper knew that Ross had committed traffic violations and had a concealed weapon in his car. This information was sufficient to cause a prudent person to believe defendant had committed or was committing a crime. See *Moody v. State*, supra, 184 Ga. App. at 769. Thus, Ross's arrest was authorized, and the trial court did not err in denying Ross's motion to suppress evidence of the drugs seized during the officers' subsequent search of Ross incident to that arrest. *Ridgeway v. State*, 205 Ga. App. 218 (422 SE2d 4) (1992).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED MAY 21, 2002 —

*Sexton & Morris, Lee Sexton*, for appellant.
*David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.

