S04A0224. LINDSEY v. THE STATE.
(596 SE2d 140)

CARLEY, Justice.

When Juan Lindsey was arrested for various traffic offenses, the officer impounded his vehicle. During a search of the car, a loaded pistol was found in the pocket of the door on the passenger side. Lindsey was charged with carrying a concealed weapon in violation of subsection (a) of OCGA § 16-11-126. Subsection (d) of that statute provides, in relevant part, that the crime of "carrying a concealed weapon," as previously defined,

> shall not forbid any person who is not among those enumerated as ineligible for a license under Code Section 16-11-129 from transporting a loaded firearm in any private passenger motor vehicle in an open manner and fully exposed to view or in the glove compartment, console, or similar compartment of the vehicle . . . .

Lindsey filed a general demurrer, urging that subsection (d) was unconstitutionally vague. The trial court refused to rule on the constitutionality of the statute, concluding that the issue was not prop-

---

[4] *Bates*, 275 Ga. at 863-864 (detailing evidence presented at trial).

erly before it. After a bench trial, Lindsey was found guilty. On appeal, the Court of Appeals remanded the case for entry of an order on the constitutional challenge. *Lindsey v. State*, 259 Ga. App. 389 (577 SE2d 78) (2003). On remand, the trial court upheld the constitutionality of the law, and overruled the general demurrer. Pursuant to the trial court's grant of a motion for an out-of-time appeal, Lindsey appeals from that order.

1. Statutory language is sufficiently definite to satisfy due process requirements so long as it has a commonly understood meaning. *Rouse v. Dept. of Natural Resources*, 271 Ga. 726, 729 (2) (a) (524 SE2d 455) (1999). The

> "prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. Many statutes will have some inherent vagueness for '[i]n most English words and phrases there lurk uncertainties.' . . . All the Due Process Clause requires is that the law give sufficient warning that men may conduct themselves so as to avoid that which is forbidden." [Cit.]

*Wilson v. State*, 245 Ga. 49, 53 (1) (262 SE2d 810) (1980). "In construing the constitutionality of a statute, we must examine it in its entire context." *Bell v. State*, 252 Ga. 267, 269 (1) (313 SE2d 678) (1984). Thus, the exempted conduct referenced in subsection (d) of OCGA § 16-11-126 must be interpreted in pari materia with the conduct that is otherwise subject to prosecution for the offense of "carrying a concealed weapon."

Under OCGA § 16-11-126 (a), a weapon is unlawfully "concealed" on or about one's person unless it is exhibited "in an open manner and fully exposed to view." As thus defined, the crime of "carrying a concealed weapon" is clear and unambiguous. *Simmons v. State*, 262 Ga. 674 (424 SE2d 274) (1993). The obvious import of the provision is that persons must display their weapons so that those with whom they come in contact " 'might see that they were armed and dangerous persons, who were to be avoided in consequence.' [Cit.]" *Moody v. State*, 184 Ga. App. 768, 769 (1) (362 SE2d 499) (1987). Therefore, an armed person does not comply with the mandate of the statute unless his or her weapon is displayed so as to be visible to all observers. *Marshall v. State*, 129 Ga. App. 733 (1) (200 SE2d 902) (1973).

Subsection (d) of OCGA § 16-11-126 differentiates the lawful act of "transporting" a firearm in a motor vehicle from the prohibited act of "concealing" it on or about one's person. Under that provision, it is permissible to transport a gun in an automobile so long as it is done "in an open manner and fully exposed to view or in the glove com-

partment, console, or similar compartment of the vehicle. . . ." The phrase "in an open manner and fully exposed to view" tracks the unambiguous language of subsection (a). Thus, it is clearly permissible to carry a firearm in a car if it is openly exhibited to all onlookers. *Ross v. State*, 255 Ga. App. 462, 463 (566 SE2d 47) (2002); *Moody v. State*, supra at 769 (1).

Lindsey urges, however, that the transport of a gun "in the glove compartment, console, or similar compartment" is unconstitutionally vague. Although the statute does not provide definitions for a "glove compartment" or the compartment located in the "console," each has a commonly understood meaning when used in reference to a motor vehicle. See generally *Land v. State*, 262 Ga. 898, 899 (1) (426 SE2d 370) (1993). In order to transport a firearm in a compartment which is "similar" to them, the weapon must necessarily be located in an area of the automobile that is equipped with a lid or cover so as to be capable of enclosing its contents. If the concept of a "similar compartment" did not incorporate the requirement of an enclosing lid or cover, then a firearm could be placed in any open container in a vehicle, thereby giving an occupant ready access to it even if it were not exposed to the view of others. That would be completely contrary to the statutory purpose of making others aware of one's access to a weapon. The various provisions of a statute "should be viewed in harmony and in a manner which will not produce an unreasonable or absurd result. [Cits.]" *Wickham v. State*, 273 Ga. 563, 566 (544 SE2d 439) (2001). Logically, a limited authorization to "transport" guns in a vehicle cannot include the very "concealing" conduct which the general prohibition proscribes.

Therefore, when the language of subsection (d) of OCGA § 16-11-126 is given its commonly understood meaning, it authorizes the transportation of a gun in an automobile so long as it either is fully exposed to the view of others or, in the alternative, is placed in the glove compartment, console, or in a similar closed compartment which is beyond the immediate access of the car's occupants. If the weapon is only exposed to the view of some or is not located in a closed compartment of the car, it is not being lawfully transported within the meaning of the statute. Instead, the firearm is being concealed on or about the person in violation of subsection (a) of OCGA § 16-11-126. "The amount of exposure of the weapon is not as important as the method in which the gun is carried. [Cit.]" *Moody v. State*, supra at 769 (1). See also *Ross v. State*, supra. Accordingly, the trial court correctly overruled Lindsey's demurrer challenging the constitutionality of the statute for vagueness.

2. Lindsey contends that the evidence does not authorize the guilty verdict. The State showed that he was the occupant of an automobile which contained a loaded pistol for which he could not pro-

duce a permit. The firearm was not being transported in the glove compartment, console or a similar closed compartment. Instead, it was in an open pocket located in a door of the vehicle, where it would be accessible to an occupant of the car, but would not be fully exposed to the view of others. Thus, the evidence is sufficient to authorize a rational trier of fact to find that Lindsey was guilty beyond a reasonable doubt of "carrying a concealed weapon" on or about his person in violation of OCGA § 16-11-126 (a). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Ross v. State*, supra; *Moody v. State*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 27, 2004.

*Lawanda J. O'Bannon*, for appellant.

*Joseph J. Drolet, Solicitor-General, Katherine Diamandis, Assistant Solicitor-General*, for appellee.