A04A1206. KAHL v. THE STATE.
(602 SE2d 888)

RUFFIN, Presiding Judge.

Following a bench trial, the trial court convicted George Kahl of driving with an unlawful alcohol level and following another vehicle too closely. Kahl appeals, arguing that the trial court erred in denying his motion to suppress evidence of a State-administered chemical breath test. For reasons that follow, we affirm.

When reviewing a ruling on a motion to suppress, we construe the evidence in a light most favorable to the trial court's findings and judgment.[1] So viewed, the evidence shows that, on November 11, 2002, a car driven by Kahl rear-ended another vehicle. Officer John Freelander of the Cobb County Police Department responded to the scene of the collision and spoke with Kahl. Freelander detected a strong odor of alcohol about Kahl's breath and person, and he noticed that Kahl had bloodshot eyes and slurred speech.

Freelander administered several field sobriety tests to Kahl, who failed the tests. Kahl also tested positive for alcohol on an alco-sensor. Concluding that Kahl was intoxicated, Freelander read him the

---

[1] See *Oliver v. State*, 268 Ga. App. 290 (601 SE2d 774) (2004).

implied consent notice under OCGA § 40-5-67.1 (b) (2) and placed him under arrest. A video recorder in Freelander's police car recorded the incident. The resulting videotape shows that Freelander arrested Kahl just seconds after reading him the implied consent notice.

Following the arrest, another officer tested Kahl's breath on the Intoxilyzer 5000. Kahl gave two breath samples, which registered alcohol concentrations of 0.119 and 0.117 grams, respectively.

Before trial, Kahl moved to suppress the results of his Intoxilyzer 5000 breath test, arguing that Freelander improperly read him the implied consent notice prior to his arrest, rather than after. The trial court denied the motion. We find no error.

Under OCGA § 40-5-55 (a),

> any person who operates a motor vehicle upon the highways or elsewhere throughout this state shall be deemed to have given consent . . . to a chemical test or tests of his or her blood, breath, urine, or other bodily substances for the purpose of determining the presence of alcohol or any other drug, if arrested for any offense arising out of acts alleged to have been committed in violation of [OCGA § 40-6-391, which prohibits driving under the influence of alcohol, drugs, or other intoxicating substances].

OCGA § 40-6-392 sets forth guidelines governing such State-administered chemical testing. It also provides that the person tested "may have a physician or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer."[2] And it specifies that, at the time of arrest, the arresting officer must "advise the person arrested of his rights to a chemical test or tests."[3]

Information about these rights is included in the implied consent notice mandated by OCGA § 40-5-67.1. Under that provision, a law enforcement officer who requests that an individual submit to chemical testing for alcohol or drugs must read the individual an implied consent notice.[4] The notice furnishes information about the State-administered testing and also advises the individual of his or her right to obtain additional testing.[5] Upon receiving this notice, the "person shall be deemed to have been properly advised of his or her rights . . . and the results of any chemical test, or the refusal to submit

---

[2] OCGA § 40-6-392 (a) (3).
[3] OCGA § 40-6-392 (a) (4).
[4] See OCGA § 40-5-67.1 (b).
[5] See id.

to a test, shall be admitted into evidence against such person."[6]

Kahl argues that an implied consent notice is proper only if read to an individual *after* an arrest. Noting that Freelander read him the notice before his arrest, he thus claims that the notice was untimely and invalid, requiring suppression of his chemical breath test on the Intoxilyzer 5000.

We disagree. On several prior occasions, we have determined that an implied consent notice given *at the time of arrest* is timely, even if it precedes the formal arrest.[7] In so doing, we noted that "under ordinary circumstances, the implied consent warning must be given at the time of the arrest, or at a time as close in proximity to the instant of arrest as the circumstances of the individual case might warrant."[8]

On appeal, Kahl claims that our Supreme Court's opinion in *Cooper v. State*[9] overruled these prior decisions. The *Cooper* Court declared unconstitutional a portion of OCGA § 40-5-55 (a) requiring State-administered drug and alcohol testing of any motor vehicle operator "involved in [a] traffic accident resulting in serious injuries or fatalities," regardless of whether an officer has probable cause to suspect the driver of impaired driving.[10] In this case, however, the State administered a breath test to Kahl based on his arrest, not on the nature of any injuries suffered in the collision.[11] Because the "serious injuries or fatalities" language is not at issue here, *Cooper* does not control.[12] And nothing in *Cooper* suggests that an implied consent warning given at the time of arrest, but before the formal arrest, is invalid.[13]

The evidence shows that Freelander read the implied consent notice to Kahl just seconds before he formally placed Kahl under arrest. Under these circumstances, Freelander properly gave Kahl the notice at the time of his arrest.[14] It follows that the trial court did

---

[6] Id.

[7] See *Oliver*, supra at 294 (1); *State v. Lentsch*, 252 Ga. App. 655, 658 (3) (556 SE2d 248) (2001); *Crawford v. State*, 246 Ga. App. 344, 345 (1) (540 SE2d 300) (2000); *Bass v. State*, 238 Ga. App. 503, 505-506 (3) (b) (519 SE2d 294) (1999), overruled in part on other grounds, *Jones v. State*, 272 Ga. 900, 903 (2) (537 SE2d 80) (2000).

[8] (Punctuation omitted.) *Crawford*, supra.

[9] 277 Ga. 282 (587 SE2d 605) (2003).

[10] See id. at 282-283, 290-291.

[11] See OCGA § 40-5-55 (a).

[12] See *Oliver*, supra at 294 (2).

[13] Kahl's reliance on our recent decisions in *Buchanan v. State*, 264 Ga. App. 148 (589 SE2d 876) (2003), and *State v. Goolsby*, 262 Ga. App. 867 (586 SE2d 754) (2003), is similarly misplaced. Neither case addresses the timing of an implied consent notice or casts doubt on authority that discusses this issue directly.

[14] See *Crawford*, supra.

not err in denying Kahl's motion to suppress evidence of the State-administered chemical breath test.

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED AUGUST 3, 2004.

*Clark & Towne, Richard T. Ryczek, Jr.,* for appellant.

*Barry E. Morgan, Solicitor-General, Jessica K. Moss, Bonnie D. Freaney, Assistant Solicitors-General,* for appellee.