A08A1420. WILLIAMS v. THE STATE.

(668 SE2d 825)

BERNES, Judge.

Following a stipulated bench trial, Anthony Eugene Williams was convicted of possession of more than one ounce of marijuana. Williams appeals, contending that the trial court erred in denying his motion to suppress evidence seized from his person during a traffic stop. Finding no error, we affirm.

> On appeal from a motion to suppress, the evidence is viewed in a light most favorable to upholding the trial court's judgment. The credibility of witnesses and the

weight accorded their testimony rest with the trier of fact. Thus, the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous.

(Citation omitted.) *Pike v. State*, 265 Ga. App. 575 (594 SE2d 753) (2004).

Viewed in this manner, the record shows that Williams was the driver of a vehicle that was pulled over for a window tint violation.[1] After stopping the vehicle, the police sergeant approached and asked Williams for his license and registration. As he spoke to Williams, the sergeant smelled the strong odor of raw marijuana emanating from the vehicle. According to the officer, he could identify the smell of raw marijuana based on his extensive training and experience in narcotics enforcement.

During his initial encounter with the sergeant, Williams was shaking and would not make eye contact with him. The sergeant asked Williams to step out of the vehicle, and Williams complied. While speaking with Williams outside the vehicle, the sergeant noticed a large bulge in Williams's pants in the crotch area. The sergeant attempted a pat-down search for his protection and safety, but Williams kept moving his body whenever the sergeant attempted to pat-down his crotch area. The sergeant also could smell the "really heavy" odor of raw marijuana coming from Williams's person. When asked about the strong smell, Williams admitted that he had smoked some marijuana. When asked about the bulge, Williams claimed that it was a hernia and became more agitated.

The sergeant handcuffed Williams and searched his person. The search revealed a package in Williams's crotch area containing approximately nine ounces of a substance that later tested positive as marijuana. According to the sergeant, the marijuana appeared to be hydroponically grown, which has a more pungent odor than other types of marijuana.

Williams was charged by accusation with possession of more than one ounce of marijuana. He moved to exclude the marijuana

---

[1] OCGA § 40-8-73.1 (b) provides:

(b) Except as provided in this Code section, it shall be unlawful for any person to operate a motor vehicle in this state:

(1) Which has material and glazing applied or affixed to the front windshield, which material and glazing when so applied or affixed reduce light transmission through the windshield; or

(2) Which has material and glazing applied or affixed to the rear windshield or the side or door windows, which material and glazing when so applied or affixed reduce light transmission through the windshield or window to less than 32 percent, plus or minus 3 percent, or increase light reflectance to more than 20 percent.

from the evidence. The trial court denied the motion, and following a bench trial on stipulated facts, found Williams guilty. This appeal followed.

Williams contends that the trial court should have suppressed the marijuana seized from his person because the police sergeant allegedly lacked probable cause to conduct the search and failed to obtain a search warrant. We disagree because the trial court correctly concluded that the marijuana was seized during a search incident to a lawful arrest for which no warrant was required.

As an initial matter, we agree with the trial court that Williams was placed under custodial arrest when the sergeant handcuffed him. "A person is under arrest if he is not free to leave and a reasonable person in his position would not think that the detention was temporary." (Citation and punctuation omitted.) *Ross v. State*, 255 Ga. App. 462, 464 (566 SE2d 47) (2002). A reasonable suspect, having admitted to recently smoking marijuana and knowing that a police officer had smelled marijuana on his person, "would not believe that he was free to leave or that his detention was only going to be temporary." (Citation and punctuation omitted.) Id. See also *Brantley v. State*, 226 Ga. App. 872, 874 (2) (b) (487 SE2d 412) (1997).[2]

Moreover, Williams's custodial arrest was lawful. An officer is entitled to make a warrantless arrest "if, at the time of the arrest, he has probable cause to believe the accused has committed or is committing an offense." (Citation omitted.) *Ross*, 255 Ga. App. at 464. Here, probable cause existed to arrest Williams based on his admission that he had recently smoked marijuana; the smell of marijuana coming from his person; the unusual bulge in his crotch area; his extremely nervous demeanor; and his attempt to prevent a lawful pat-down of his person in the exact area of the suspicious bulge. See *Harding v. State*, 283 Ga. App. 287, 288 (641 SE2d 285) (2007); *State v. Cannon*, 253 Ga. App. 445, 447-448 (559 SE2d 76) (2002).

Because Williams's custodial arrest was lawful, the sergeant was entitled to conduct a warrantless search of his person incident to that arrest. See *Edge v. State*, 269 Ga. App. 88, 89 (603 SE2d 502) (2004); *Ross*, 255 Ga. App. at 464. Accordingly, the trial court did not err in denying Williams's motion to suppress.

---

[2] Contrary to Williams's assertion, the subjective opinion of the officer concerning whether the suspect's detention constituted a custodial arrest is not controlling. See *Ross*, 255 Ga. App. at 464; *Brantley*, 226 Ga. App. at 874 (2) (b). "[I]t is the reasonable belief of an ordinary person under [the] circumstances, and not the subjective belief or intent of the officer, that determines whether an arrest has been effected." (Footnote omitted.) *State v. Norris*, 281 Ga. App. 193, 196 (635 SE2d 810) (2006).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 6, 2008.

*Diana L. Davis, Joseph S. Key*, for appellant.
*Tommy K. Floyd, District Attorney*, for appellee.