### A08A1925. SUMMERLIN v. THE STATE.
(673 SE2d 118)

PHIPPS, Judge.

Glen Summerlin was convicted of entering an automobile with intent to commit theft, possession of a firearm during the commission of a crime, and carrying a concealed weapon. In this appeal, he challenges the sufficiency of the evidence to support his conviction of carrying a concealed weapon. We find the evidence sufficient and affirm.

On May 3, 2005, Debra Hotrim reported to police that while she was fishing near a boat ramp in Union County, she saw two men in a car approach her parked truck. One of the men got out of the car and entered her truck. When she began to yell, he got back into the car and it sped away. After she found her wallet and automobile emergency kit missing, she called 911 and provided a description of the car and the two men. Shortly after receiving the lookout, Union County Deputy Sheriff Robert Hutchinson stopped a car matching the description given by Hotrim. Summerlin was driving the car, and Dustin Elliott was seated in the front passenger seat. After answering a few questions posed by Hutchinson, Summerlin exited the car. Hutchinson then looked into the car and saw the butt of a revolver protruding from between the driver's and passenger's seats. Hutchinson testified that the gun had been completely hidden from his view until Summerlin got out of the car. Upon securing the weapon, Hutchinson discovered that it was fully loaded. Police then took Summerlin, Elliott, and the car to the boat ramp, where they were all identified by Hotrim. Elliott confessed to his and Summerlin's unauthorized entry into Hotrim's vehicle and to the theft of her wallet and automobile emergency kit. Elliott led police officers to the stolen property, entered a guilty plea, and appeared as a state's witness at Summerlin's trial.

In pertinent part, OCGA § 16-11-126 (a) provides:

A person commits the offense of carrying a concealed weapon when such person knowingly has or carries about his or her person, unless in an open manner and fully

exposed to view, any . . . firearm . . . outside of his or her home or place of business, except as permitted under this Code section.

In reliance on cases such as *Stockdale v. State*[1] and *Stripling v. State*,[2] Summerlin argues that since the butt of the revolver was protruding from between the car seats thereby revealing its presence as a weapon, he cannot be convicted of carrying a concealed weapon. *Stockdale* and in turn *Stripling* held

that if one in having and carrying about his person any of the weapons designated as deadly weapons shall have and carry it in such an open manner that those with whom he may come in contact can see and know it is a pistol or other weapon, he will not be guilty of a violation of the law, although some part of the weapon may be concealed from view.[3]

For two reasons, Summerlin's reliance on *Stockdale* and *Stripling* is misplaced. First, our Code now expressly provides that a person commits the offense of carrying a concealed weapon unless he carries the weapon "in an open manner and fully exposed to view." Cases such as *Moody v. State*[4] and *Ross v. State*[5] thus hold that a gun slightly protruding from the seat of a vehicle is not "fully exposed" within the statute governing such weapons. In both *Moody* and *Ross*, as here, partially concealed guns were recognizable to the arresting officers as weapons. Moreover, in this case, the arresting officer testified that until Summerlin had exited his car, the gun was fully concealed from the officer's view by Summerlin's body. The evidence is sufficient to support Summerlin's conviction of carrying a concealed weapon.

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED JANUARY 28, 2009.

*Mary Erickson*, for appellant.

---

[1] 32 Ga. 225 (1861).
[2] 114 Ga. 538 (40 SE 733) (1902).
[3] Id. at 540, citing *Stockdale*.
[4] 184 Ga. App. 768, 769 (1) (362 SE2d 499) (1987).
[5] 255 Ga. App. 462, 463 (566 SE2d 47) (2002).

YALE LAW LIBRARY

*N. Stanley Gunter, District Attorney, Jeremy D. Clough, Assistant District Attorney*, for appellee.