A10A1319. WATKINS v. THE STATE.
(695 SE2d 394)

ANDREWS, Presiding Judge.

On appeal from his conviction for aggravated assault and other crimes, Derrick Watkins argues that the charges as to carrying a concealed weapon and carrying a weapon without a license were not adjusted to the evidence and that the trial court erred when it charged the jury on accomplice testimony. We find no error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that on the early morning of January 6, 2007, a man with a gunshot wound arrived on foot at a Rome hospital. He told police that he had been shot by a man who had been traveling with a woman in a dark-colored Dodge Intrepid. Shortly after issuing a BOLO, police stopped a blue Intrepid close to the scene of the shooting. In the car were Watkins and his co-defendant, Shannon Whatley, as well as a loaded .32 handgun hidden underneath the front passenger seat. Watkins smelled of alcohol. Both Watkins and Whatley were arrested.

In his statement to police, the victim said that Watkins had ordered him out of the car, pointed a gun at him, told him that he could go, chased him as he ran, and shot him. The victim also selected Watkins from a photographic lineup. At trial, however, the victim refused to identify Watkins as the shooter.

Whatley testified at trial that her purse and cell phone had been stolen at a club that evening, that Watkins had said the victim had it,

and that she and Watkins had offered the victim a ride home, which he accepted. Watkins told Whatley to drive into a parking lot; when she did so, he pulled a large gun from underneath the seat. When she saw the gun, Whatley told the victim to run. Watkins told her to drive "around the corner and come right back," which she did. Whatley saw Watkins with two guns that night, one large and one small. After Whatley picked up Watkins, however, she did not see a gun. Watkins could not produce a license for either of the two guns.

The jury found Watkins guilty of aggravated assault, aggravated battery, possession of a firearm during the commission of a crime, carrying a handgun without a license, pointing a gun at another, discharging a firearm near a public highway, underage possession of alcohol, and carrying a concealed weapon. Watkins was acquitted of discharging a firearm while under the influence of alcohol.

1. The evidence outlined above was sufficient to sustain Watkins's conviction as to the counts he has not challenged on appeal. See OCGA §§ 16-5-21 (a) (aggravated assault), 16-5-24 (a) (aggravated battery), 16-11-106 (possession of a firearm during the commission of a crime), 16-11-102 (pointing a gun at another), 16-11-103 (discharging a firearm near a public highway), 3-3-23 (possession of alcohol by a minor); *Jackson*, supra.

2. Watkins argues that because the charge concerning his carrying of a concealed weapon was not adjusted to the evidence, his conviction on that count must be reversed. We disagree.

The 2007 version of OCGA § 16-11-126 provided in relevant part:

> (a) A person commits the offense of carrying a concealed weapon when such person *knowingly has or carries about his or her person, unless in an open manner and fully exposed to view, any . . . firearm . . . or instrument of like character outside of his or her home or place of business*, except as permitted under this Code section.
> . . .
> (c) This Code section shall not permit, outside of *his or her home, motor vehicle, or place of business*, the concealed carrying of a pistol, revolver, or concealable firearm by any person unless that person has on his or her person a valid license. . . . Carrying on the person in a concealed manner other than as provided in this subsection shall not be permitted and shall be a violation of this Code section.
> (d) . . . This Code section shall not forbid any person who is not among those enumerated as ineligible for a license under Code Section 16-11-129 from transporting a loaded firearm in *any private passenger motor vehicle in an*

YALE LAW LIBRARY

> *open manner and fully exposed to view or in the glove compartment, console, or similar compartment of the vehicle*; provided, however, that any person in possession of a valid permit issued pursuant to Code Section 16-11-129 may carry a handgun in any location in a motor vehicle.

(Emphasis supplied.)

The indictment charged Watkins with carrying a concealed weapon in that he did "unlawfully [and] knowingly have and carry about his person, outside of his home and outside of his place of business, not in an open manner and not fully exposed to view, a dangerous instrument, to wit: [a] Keltek 32-caliber revolver." The trial court charged the jury only as to subsection (a) of the statute without mentioning the more specific provisions of sections (c) and (d) concerning the carrying of a weapon in a motor vehicle.

(a) "The pertinent elements of the offense of carrying a concealed weapon are knowingly having or carrying about one's person, unless in an open manner and fully exposed to view, any firearm, except as permitted by law. OCGA § 16-11-126 (a)." (Punctuation omitted.) *Parrish v. State*, 228 Ga. App. 177 (491 SE2d 433) (1997). The trial court charged the jury by reciting the crime's essential elements as set out in subsection (a). In doing so, it stated the law accurately and as adjusted to the evidence. See *Render v. State*, 257 Ga. App. 477, 479 (3) (571 SE2d 493) (2002) (affirming trial court's charge concerning carrying a concealed weapon).

(b) In enacting both OCGA §§ 16-11-126 (a) and 16-11-128 (a), the General Assembly

> intended to compel persons who carried such weapons to so wear them about their persons that others who came in contact with them might see that they were armed and dangerous persons, who were to be avoided in consequence. The amount of exposure of the weapon is not as important as the method in which the gun is carried.

*Moody v. State*, 184 Ga. App. 768, 769 (1) (362 SE2d 499) (1987); see also *Anderson v. State*, 221 Ga. App. 176, 177 (1) (470 SE2d 778) (1996).

"[O]ur cases [applying subsection (a) of OCGA § 16-11-126] make clear that the 'having or carrying about one's person' element [is] satisfied" with proof that the defendant was traveling in a car with a weapon under his seat. *Parrish*, 228 Ga. App. at 178. Most recently, in *Summerlin v. State*, 295 Ga. App. 748 (673 SE2d 118) (2009), we sustained a conviction under subsection (a) where a defendant driving a car had placed a gun so that it protruded from

between the driver's and passenger's seats. Id. at 749.

Although the 2007 version of OCGA § 16-11-126 (d) permitted "transporting a loaded firearm in any private passenger motor vehicle in an open manner and fully exposed to view *or* in the glove compartment, console, or similar compartment of the vehicle," even "a gun half-hidden in [a] seat is not 'fully exposed' and therefore constitutes an illegal concealed weapon." *Ross v. State*, 255 Ga. App. 462, 463 (566 SE2d 47) (2002). As this language suggests, subsection (d) of the statute merely detailed one scenario of the many possible under the general definition of the crime and its elements given in subsection (a). Here, the evidence that Watkins was traveling in the car with a gun hidden under his seat was sufficient to sustain his conviction for carrying a concealed weapon. *Summerlin*, 295 Ga. App. at 749 (affirming under OCGA § 16-11-126 (a)); *Ross*, 255 Ga. App. at 463 (affirming under subsection (d)); see also *Lindsey v. State*, 277 Ga. 772, 774-775 (2) (596 SE2d 140) (2004) (affirming under subsection (d), and citing *Ross*, where the evidence showed that defendant carried a firearm in an open pocket located in the door of a vehicle).

3. Watkins also argues that the evidence was insufficient to sustain his conviction for carrying a weapon without a license because, although the indictment charged him with carrying a pistol outside his home or motor vehicle, he was not seen with the pistol outside the car stopped by police. Again, we disagree.

OCGA § 16-11-128 provides:

> (a) A person commits the offense of carrying a pistol without a license when he has or carries *on or about his person, outside of his home, motor vehicle, or place of business, any pistol or revolver without having on his person a valid license issued by the judge of the probate court of the county in which he resides*, provided that no permit shall be required for persons with a valid hunting or fishing license on their person or for persons not required by law to have hunting licenses who are engaged in legal hunting, fishing, or sport shooting when the persons have the permission of the owner of the land on which the activities are being conducted; *provided, further, that the pistol or revolver, whenever loaded, shall be carried only in an open and fully exposed manner.*
>
> . . .

(Emphasis supplied.) This indictment charged Watkins with carrying "outside of *his* home, motor vehicle[,] and place of business a pistol without having on his person a valid license issued by the Judge of

the Probate Court of the County in which he resides," and the trial court charged the jury in the same way.

"Both OCGA §§ 16-11-126 (a) & 16-11-128 (a) require the State to prove the person was carrying a weapon 'on or about his person.' " *Anderson*, 221 Ga. App. at 177 (1). This indictment put Watkins on notice that he was being charged with carrying a handgun without a license on the date of the crime, and he did not move for directed verdict on this or any other ground. *Scott v. State*, 254 Ga. App. 728, 729 (1) (563 SE2d 554) (2002) (matter of variance not raised in motion for directed verdict is waived on appeal).

Construed in favor of the verdict, the evidence showed that Watkins twice admitted that he did not have a license for the gun found hidden under his seat in a car that was not his, and there is no evidence that he had a license for the gun with which he shot the victim outside that car. The jury was thus authorized to find that Watkins carried at least one handgun without a license either inside or outside of a car not his own. *Anderson*, 221 Ga. App. at 176 (sustaining conviction for carrying a handgun without a license where a pistol was found in a book bag the defendant identified as his).

4. Watkins argues that the trial court erred when it instructed the jury on accomplice testimony. We disagree.

The record shows that during closing argument, the defense argued that the jury should consider that Whatley had been charged in the same indictment. The prosecution objected that the jury should not be concerned with Whatley's guilt or innocence, and the trial court agreed. Moments later, after a conference held outside the hearing of the jury, the trial court pointed out that neither side had asked Whatley about the outcome of the charges against her; that "[a]s far as the jury is concerned[,] she is still charged," which made her testimony "that of a codefendant, which requires corroboration"; and that it would therefore charge the jury on corroboration. Defense counsel did not object to this determination, and a charge on corroboration was duly given.

Watkins did not object to the trial court's proposed remedy for both parties' oversight in eliciting evidence concerning Whatley, to the portion of the charge on accomplice testimony as delivered to the jury, or to any other part of the charge. It follows that no issue has been presented for our review. *Metz v. State*, 284 Ga. 614, 620 (5) (669 SE2d 121) (2008) (failure to "specifically object to the charge on accomplice testimony" waives issue on appeal).

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED MAY 12, 2010.

*Jimmonique R. S. Rodgers*, for appellant.

*Leigh E. Patterson, District Attorney, Finnis K. Salmon, Assistant District Attorney*, for appellee.